[L. A. No. 9695. In Bank.—September 13, 1929.]

SUN OIL COMPANY OF CALIFORNIA (a Corporation), Respondent, v. UNION DRILLING AND PETROLEUM COMPANY, (a Corporation), Appellant.

Newby & Palmer, Newby & Newby, Dee Holder and Nathan Newby, Jr., for Appellant.

John B. Haas, John D. Home and Oliver O. Clark for Respondent.

PRESTON, J.—The judgment is affirmed. This conclusion clearly results from the following statement of facts taken from the findings of the court and properly supported by the evidence adduced upon the trial:

On February 7, 1924, plaintiff was the owner of well No. 5, located on block 1904 of the Vista Del Mar Tract at Huntington Beach, California. On said date, said well being then 2,914 feet deep, plaintiff in writing engaged defendant to deepen it to "an approximate depth of 3600 feet," defendant to be paid $40,000 for said work out of fifty per cent of the gross first production from said well after its completion. The work was to be done in accordance with the rules, regulations and orders of the California State Mining Bureau. Plaintiff was to furnish the rotary equipment, including approximately 3,200 feet of used four-inch drill pipe; also fuel, light and water, and to allow the use of its boilers for generation of steam, and was to do and perform certain other specified acts, but was to furnish no "labor, fixtures, material or otherwise" "than provided" in connection with said work,

and was not to be put to any expense whatever for the drilling of said well "except as hereinabove provided." Defendant was to furnish all other material, supplies and services necessary and needful to drill and complete the said well to said depth and specially covenanted to supply the necessary casing, etc., therefor.

Pursuant to said contract, defendant forthwith went into possession of said property and deepened said well to a depth of about 3,330 feet, reaching said depth on or about July 18, 1924. Between said date and the date of the filing of this suit, December 8, 1924, defendant remained in possession of said property, endeavoring by the use of various devices to put the well on production and during said period a small quantity of oil was produced, which was sold and the proceeds divided in accordance with the plan prescribed by said contract. The well was never accepted by plaintiff as being completed at said depth and plaintiff never in any respect waived full performance of said contract by defendant and never relieved defendant from carrying out the agreement as originally drawn. Defendant failed, refused and neglected and continued to so fail, refuse and neglect to drill said well to any depth greater than 3,330 feet and likewise refused to furnish the casing required to drill said well to said depth of 3,600 feet, and on November 25, 1924, it notified plaintiff that it did not intend to drill said well to said 3,600 feet or to any greater depth than 3,330 feet. On the eighth day of December following, plaintiff brought the present action against defendant for an injunction alleging breach of said contract on the part of defendant and further that the work of defendant had been unskilfully done and unless defendant was restrained from experimenting with said well, it would be in such shape that it could never be completed, and praying for a permanent injunction and for damages.

Answering said complaint, defendant alleged that plaintiff acquiesced in and consented to the cessation of drilling at said depth of 3,330 feet and consented to the attempts made by defendant to put said well upon production; and further pleaded that it had put said well on production by said acts, to which plaintiff had consented; that on or about July 18, 1924, plaintiff accepted possession of said well as

completed and continued in such possession until October 25, 1924, at which time defendant alleged it again took possession of said well for the purpose of attempting to improve the production thereof, which possession under said arrangement continued until the restraining order in this action was served upon it. Defendant admitted that the well had not been drilled to a depth of 3,600 feet, but denied that the contract made it necessary for it to drill to said depth. It further pleaded that it was the duty of plaintiff to furnish an additional string of casing to bring said well to said depth of 3,600 feet; that plaintiff had refused to comply with a request therefor and further that oil to the value of $6,329.58 had been abstracted from said well; that defendant had received only $664.79 thereof and was entitled to the balance of fifty per cent of the gross amount received from said production and asked for an accounting.

At the same time defendant filed its cross-complaint claiming completion of said well and delivery of possession thereof to plaintiff on July 18, 1924; alleging that the $40,000 called for by said contract had been earned and should be collected from the production of said well, but that $664.79 only had been paid thereon, whereas $2,500 or more at least should have been paid to it on account. As a second cause of action, defendant pleaded the completion of said well under said contract, delivery of possession thereof to plaintiff as above set forth and then set up the issuance of said injunction with alleged resultant interference with production of oil in said well on account thereof; further that had plaintiff allowed defendant to supervise the production therefrom, it would have received oil of a value sufficient to satisfy said contract; that for that reason defendant had been damaged in said sum of $40,000, less $664.79 paid thereon.

Answer was made to said cross-complaint, putting in issue all the material allegations thereof. The cause went to trial. Plaintiff was granted the injunction prayed for and while the court found that plaintiff had suffered damages, it also found that they were difficult to estimate and so difficult that none were allowed. Defendant was denied all relief, both under its answer and cross-complaint, except the sum of $5,000 awarded it by the judgment, as a matter of equity, as and for the value of a six and one-

quarter inch water casing placed in said well by order of said State Mining Bureau, the court holding in this respect that plaintiff had been benefited by this casing. Likewise, defendant was allowed to retain the $664.79 received out of the sale of oil from the well. Defendant appealed from all of the judgment entered in said cause except so much thereof as awarded it said sum of $5,000.

The only reasonable construction that may be put upon the findings of the court is that the court found that the operations conducted by defendant upon said property of plaintiff were not performed in a skilful or a good and workmanlike manner and that they were hazardous and a menace to the property with the probability of injury resulting to said well therefrom and, if not restrained, they would prevent it ever being deepened to 3,600 feet or any other depth.

The deduction is also clear that, weighing the damages suffered by plaintiff on account of the failure to perform against the benefits resulting from partial performance, the court declared a balance of $5,000 in defendant's favor. But defendant expressly failed to appeal from this portion of the judgment. Nevertheless, it urges that it should have either damages to the extent of the balance of the contract price or at least a *quantum meruit* recovery on the principle of acceptance by plaintiff of work done and material furnished that was beneficial to it, and to this end it invokes the doctrine of certain cases which announce an exception to the general rule against recovery, to wit: cases where one party acting in good faith has partially performed and the other party has accepted the part performed and the same was of value to him and he is denied a recovery on the contract but permitted a *quantum meruit* remuneration, citing *Katz* v. *Bedford,* 77 Cal. 319 [1 L. R. A. 826, 19 Pac. 523]; *Jones & Laughlin etc. Co.* v. *Doble Co.,* 162 Cal. 497, 505 [123 Pac. 290].

It is our conclusion that in so failing to appeal from all the judgment and presumably accepting payment of the $5,000, appellant may not have reviewed either of these contentions and, in fact, presents little, if any, substance for consideration on this appeal. This award was allowed at defendant's own request and must be held properly allocated to one or the other of the contentions made by it.

If so, this item is either damages for a breach of the contract by plaintiff or it is a *quantum meruit* reovery for materials furnished in good faith that were of benefit to plaintiff and accepted by it. Upon either theory it is the complete award allowed to defendant by the court and disposes of the whole issue. Defendant expressly accepted this part of the judgment and omitted to appeal from it. By thus accepting expressly the benefit of this award on its cross-complaint, it may not be allowed to hold fast to that which it hath and appeal to the court for more relief in kind. It must seek a reopening of the whole issue or be precluded by the amount awarded. ■ Where the provisions of the judgment are interdependent as here, an appellate court may not properly reverse the judgment as to the part complained of, allowing the remainder to stand. This is the principle announced in the following cases: *Walnut Irr. Dist.* v. *Burke,* 158 Cal. 165 [110 Pac. 517]; *Preluzsky* v. *Pacific Co-operative Cafeteria Co.,* 195 Cal. 290, 293 [232 Pac. 970]; *Turner* v. *Markham,* 152 Cal. 246 [92 Pac. 485]. The case of *Murphy* v. *Spaulding,* 46 N. Y. 556, expounds the principle under facts similar to those of the case before us.

Under this holding, whether plaintiff did or did not breach the contract is immaterial as is also the question of whether the injunction was or was not properly allowed. It would seem, therefore, that the propriety of the item of costs is about the only thing reviewable under this notice of appeal as drawn. However, no attack is leveled at the cost bill.

But, viewing the case on its merits, under the findings of the court, a judgment for plaintiff and a denial of all relief to defendant would have been justified. The case as found offers no room for the principle of benefits received and accepted by plaintiff from partial performance. The contract was entire and indivisible and contained the following covenant: "It is further understood and agreed that in the event said party of the second part shall cease to perform work upon said well for a period of thirty days, then and in that event the party of the first part may enter on said premises and take over the operation of said well without any compensation to the party of the second part. . . . "

Defendant did not substantially perform, but after a partial performance refused to proceed further under its covenants. The case is, therefore, one within the general rule, stated by this court as follows: ''Where a person agrees to do a thing for another for a specified sum of money to be paid on full performance, he is not entitled to any part of the sum until he has himself done the thing he agreed to do, unless full performance has been excused, prevented, or delayed by the act of the other party, or by operation of law, or by the act of God or the public enemy, as specified in section 1511 of the Civil Code.'' (*Carlson* v. *Sheehan*, 157 Cal. 692, 696 [109 Pac. 29, 30]. See, also, *Snow Mt. W. & P. Co.* v. *Kraner*, 191 Cal. 312, 325-327 [216 Pac. 589]; *Marchant* v. *Hayes*, 117 Cal. 669 [49 Pac. 840]; *Laidlaw* v. *Marye*, 133 Cal. 170 [65 Pac. 391]; *Gale* v. *Dixon*, 91 Cal. App. 529 [267 Pac. 342].)

There is no ambiguity in the contract respecting the furnishing of casing. Defendant specifically covenanted to do this. ■ Nor is there any room for the contention that 3,330 feet is ''approximately'' 3,600 feet. ■ The court did not abuse its discretion in failing to allow proof of a previous contract between the parties wherein a well drilled within 270 feet of the approximate depth was accepted as completed by the plaintiff. Special reasons may have existed for this action, one of which could have been the finding of production at the lesser depth. Be that as it may, no basis can be found for the review of the trial court's discretion in this behalf.

This disposes of all the questions urged by appellant.

Richards, J., Shenk, J., Seawell, J., Waste, C. J., and Langdon, J., concurred.

Rehearing denied.