[Civ. No. 898.   Fourth Appellate District.—June 22, 1933.]

DAISY F. CLINE, Respondent, v. HOSEA C. CLINE, Appellant.

Utley & Nuffer for Appellant.

M. C. Atchison for Respondent.

ANDREWS, J., *pro tem.*—This appeal is from an order allowing plaintiff attorney's fees, costs on appeal, and support pending appeal. Judgment was entered December 6, 1930, granting a divorce to the husband and giving to the plaintiff certain furniture by agreement, and awarding to her the sum of $2,000 found upon the trial to be her separate property. Defendant immediately upon the entry of judgment tendered to plaintiff the $2,000 and the tender being refused, deposited the same in court subject to plaintiff's order. He also tendered the furniture awarded to her by the judgment. Plaintiff appealed from the judgment and from the whole thereof and, thereafter, obtained the order for costs on appeal, from which the present appeal is taken.

Two general contentions are made by defendant: (a) that it was the right and duty of plaintiff to accept the $2,000; (b) that having received the $2,000 she would have available means for prosecuting her appeal without the necessity of obtaining the order here under review.

The plaintiff's position is that to accept the $2,000 would prevent her from appealing from the judgment and also that if she did accept the $2,000 the order would nevertheless be a necessary and proper order.

■ (1) Whether the plaintiff could safely accept the $2,000 depends upon whether the issues which were presented by the pleadings and tried in the case, and the judgment which was entered upon such issues were so far severable and distinct that appeal could be taken from that portion of the judgment which was unfavorable to plaintiff without involving the provision respecting payment of the $2,000, and whether the appeal was so taken. The controversy involved a large amount of property which plaintiff in her complaint alleged to be community property. She made no claim to any separate property. A reversal of the judgment would involve a retrial of the entire property rights of the parties, with no assurance that there would be awarded to plaintiff on a second trial this sum of $2,000 or any sum whatever. The plaintiff did not undertake to appeal from that part of the judgment which was unfavorable only, but from the judgment as a whole. It is evident that to accept this favorable portion of the judgment

would have prevented a successful appeal except for the consent of defendant to such acceptance and waiver by him that such acceptance should not be claimed by him as preventing or affecting the right to appeal as hereinafter stated.

On the hearing of this motion, defendant made an affidavit in which he tendered the $2,000 and offered to plaintiff the privilege of accepting the same without thereby in any way depriving her of any right to prosecute her appeal and have the same passed upon by the upper court as to all other claims of plaintiff, and in language sufficient to accomplish that end, waived any claim which he might have to raise the question of the acceptance of the $2,000 being a bar to the prosecution of the appeal. This kind of an affidavit and waiver was an offer to plaintiff which she could accept or not as there was no contract obligation and no legal duty requiring her to do so. Even the construction and effect of the waiver itself might become involved in the appeal. If she rejected the same in good faith and on advice of her attorney, because of his opinion as to the effect of her acceptance, notwithstanding the affidavit and waiver, it cannot be held that as a matter of law she was bound to accept it to the end that its acceptance might be used to defeat this order. It must, therefore, be held that the $2,000 was not available for carrying on plaintiff's appeal and might properly have been disregarded by the trial court in making the order appealed from.

(2) Assuming that she was bound to or had accepted the $2,000, it would not follow that the order here in question might not still have been a valid order. The discretion of the trial court in an order of this character relates to the financial condition of the parties, the need of the plaintiff and the ability of the defendant, and in this particular application would involve also the question of good faith in the taking of the appeal and the reasonableness of the grounds for appeal. Where the ability of the defendant is ample, even when he contends that the property involved is separate property, both because it may finally be held to be community property, and because of his potential earning capacity which in any event is community property, ordinarily the court would not compel the plaintiff to resort to the capital portion of her separate property and it is evident that the income from the $2,000 would not

be sufficient to provide funds for this appeal and for her support. While it is true that in making this order the judge who made the order was not the same judge who tried the divorce case and, therefore, he might have been limited to the affidavits which were used on the hearing, supplemented by statements of counsel at the hearing, which would not appear in the record, there was set forth in the affidavit of the plaintiff matters which, if relied upon, as they of course were, afford justification for this order and for the implied finding that the appeal was prosecuted in good faith and upon reasonable grounds. Such finding might be based upon the statement in the affidavit that plaintiff was advised by her attorney, who was the attorney who tried the case, that in his opinion the judgment was wrong and illegal and could be reversed on appeal. The record does not disclose any abuse of discretion on the part of the trial court in making the order from which appeal is taken.

Order affirmed.

Barnard, P. J., and Marks, J., concurred.