[Civ. No. 1094. Fourth Appellate District.—November 18, 1933.]

DONA PAUL, Appellant, v. H. C. WALBURN, Respondent.

H. C. Ellis and Stickney & Stickney for Appellant.

William J. Collard for Respondent.

BARNARD, P. J.—In this action for damages, arising out of a collision between two automobiles, the plaintiff was given judgment for $3,500 after the default of the defendant had been entered. The defendant moved to vacate and set aside the default and judgment on the ground of excusable inadvertence and neglect. The court granted the motion and entered an order vacating and setting aside the default and judgment, from which order the plaintiff appealed. After the appellant's opening brief was filed, the respondent moved to dismiss the appeal under section 3 of Rule V of the rules governing District Courts of Appeal on the ground that the question presented by the appeal is so unsubstantial as not to need further argument; that the order appealed from is an interlocutory order from which no appeal lies; and that the appellant by accepting a benefit under the order has waived the right to appeal therefrom.

█ Without going into detail in the matter we are of the opinion that the order appealed from was not interlocutory in nature and that the same was an appealable order.

The order in question provided that the default and judgment theretofore entered ''be and the same is hereby vacated and set aside upon the following terms: payment by the defendant to plaintiff of the sum of Fifteen ($15) Dollars on or before June 22, 1933''. It is conceded that this $15 was paid to and accepted by the appellant's attorney. █ It is a general rule that a party cannot accept the benefit or advantage given him by an order and then seek to have it reviewed. An exception to the general rule exists where the benefit received is one to which the party was entitled in any event (*San Bernardino County* v. *Riverside County*, 135 Cal. 618 [67 Pac. 1047]). █ The appellant maintains that the acceptance of the usual taxable costs constitutes another exception to the general rule, and relies upon the case of *Tyson* v. *Wells*, 1 Cal. 378. That case, which seems not to have been referred to in later opinions, was decided before the general rule and its recognized exception were established in this state. In *San Bernardino County* v. *Riverside County, supra*, the court said: ''Accordingly, it is held that where an order is made upon the condition

of payment of costs, an acceptance of such costs is the waiver of the right to appeal from the order.'' In that case $250 was ordered paid ''as for costs and expenses''. In the case before us the order did not designate the $15 as a payment of costs. In fact, it appears from the judgment which was set aside that the costs allowed amounted to $14.50. If the order were set aside the judgment would still include the costs. The appellant, therefore, has accepted a benefit to which she was not certainly entitled, and to which she has no right, except upon the condition that the default and judgment should be set aside. In *San Bernardino County* v. *Riverside County, supra,* the court further said: ''The plaintiff had no right to the two hundred and fifty dollars paid it by the defendant, except upon the condition that the default and judgment should be set aside, and by its acceptance of the money is deemed to have assented to the order setting aside the default and judgment.''

■ A further consideration is that it appears from the opening brief filed and from the papers and records upon which the motion to dismiss is based, that the only question raised by the appeal is so unsubstantial as not to require further argument. That question is whether the court abused its discretion in holding that the negligence and inadvertence of the respondent, which led to the entering of his default, was excusable.

In *Jergins* v. *Schenck,* 162 Cal. 747 [124 Pac. 426], the general rules applying to such a question are thus set forth:

''An application to be relieved from a default under section 473 of the Code of Civil Procedure is addressed to the sound discretion of the trial court, and the action of that court will not be set aside on appeal unless an abuse of discretion clearly appears. Any doubt that may exist should be resolved in favor of the application, to the end of securing a trial upon the merits. The appellate court will, therefore, be less inclined to reverse an order granting, than one refusing, an application to open a default. Indeed, the cases in which this court has held that such relief was improperly granted are very rare, while in a number of instances an order refusing to open the default has been reversed.''

The appellant concedes that under the general rule such an order must be affirmed wherever it appears that the

trial court was called upon to exercise any discretion, but insists that the facts here were such as to leave the court no discretion and to compel a denial of the relief requested. It is insisted that the only material fact is that the respondent did not appear within the time named in the summons. However, we think some of the facts indicate that the neglect in failing to appear was not so obviously without excuse as to deprive the court of all discretion in the matter.

The action was filed on October 21, 1931. The respondent learned of this through the newspapers and communicated with the attorney who filed the action, telling him why he thought he was not liable, including the fact that the coroner's jury had placed the blame on the appellant's son, who was the driver of the other car. Nothing further was done until March 21, 1933, when another attorney served a copy of the summons and complaint upon the respondent. The respondent repeated his explanation of the circumstances surrounding the accident, after which the attorney asked him if he was covered by insurance. He replied that he thought his insurance expired the day of the accident, but would look up his papers, whereupon the attorney told him that if he found he had insurance and would let him know, he would "communicate with the insurance carrier direct".

On March 26th the respondent consulted an attorney, telling him that suit had been filed against him in October, 1931; that he had explained the circumstances to the plaintiff's then attorney and they had dropped it; that another attorney had called on him on March 21st and asked him to "make a settlement"; that he thought they could not now "reopen" the case; and that he desired him to examine the records to see if the suit could be dismissed for lack of prosecution. At this attorney's request the copy of the summons and complaint was brought to him on April 3d. He observed that the summons was issued on October 21, 1931, and, believing it had been served shortly thereafter, did not file an answer within the statutory time. He examined the records in the clerk's office on April 11th, and then learned for the first time that the summons had been served on March 21st, and that default had been entered

on April 5th, two days after time for appearance had expired. Timely application for relief was then made.

The facts justify the conclusion that the respondent at all times desired and intended to contest the appellant's claim, and that he hired an attorney for the purpose of attempting to secure a dismissal of the action. Doubtless, his mistaken idea of the law led to his failure to state all of the facts to his attorney and to his request that a wrong course be pursued. Apparently, this misled the attorney, and it can be understood how an attorney who believed that the time for appearance had already long expired might not act with the promptness to be expected of him had he known a limited time remained in which to appear. While it must be admitted that the highest degree of diligence was not shown, some of the circumstances tend, in greater or less degree, to show a measure of excuse for the neglect. In addition to other considerations, the offer of the appellant's attorney to take the matter up directly with any insurance carrier, though not intended to be misleading, was somewhat calculated to lead the respondent to believe that his recital of facts, relied upon as showing he was not liable, had been at least temporarily accepted, especially since a similar statement had previously resulted in a delay of a year and a half. The trial court was justified in resolving all doubts in favor of a trial of the case on its merits, and no abuse of discretion appears.

For the reasons given the appeal is dismissed.

Marks, J., and Jennings, J., concurred.