[Civ. No. 14236. Second Dist., Div. One. Jan. 11, 1944.]

THE PEOPLE, Appellant, v. MARSHALL B. ROATH et al., Defendants; STANDARD ACCIDENT INSURANCE COMPANY (a Corporation) et al., Respondents.

Robert W. Kenny, Attorney General, H. H. Linney, Assistant Attorney General, and Daniel N. Stevens, Deputy Attorney General, for Appellant.

Jennings & Belcher, R. P. Jennings, Nourse & Jones and Paul Nourse for Respondents.

WHITE, J.—This is an action instituted by the People of the State of California upon bonds conditioned for the payment by defendant Roath "of all license taxes, penalties and other obligations of said principal arising out of" the State Motor Vehicle Fuel License Tax Act (Stats. 1923, p. 571, as amended). Defendant Roath having incurred liability to the State for delinquent taxes and penalties in the sum of

$25,118.76 and having failed to pay such amount, the state controller endeavored to effect collection thereof by seizing the distributing plant and other personal property of Roath with a view to selling the same at public auction as authorized by section 4 of the above mentioned act (Deering's Gen. Laws, 1937, Act 2964, p. 1407). In connection with the seizure of defendant Roath's plant and advertising the same for sale the state controller incurred a total expense of $2,262.60. No sale of the seized properties, however, was accomplished for the reason that prior to the sale date thereof Roath filed a petition in bankruptcy, in which proceeding an order was issued requiring the state controller to surrender the property to the trustee in bankruptcy for administration in the federal court.

On or about July 31, 1941, the attorney general, at the request of the state controller, filed suit in the Superior Court of Los Angeles County against Roath and the two defendant surety companies on his bonds.

Paragraph V of the complaint set forth Roath's indebtedness for taxes and penalties in the sum of $25,118.76, while paragraph VI alleged that the controller in seizing the assets of said defendant and in advertising the same for sale pursuant to the provisions of the pertinent act, incurred costs and expenses in the amount of $2,262.60. After alleging that no part of the sums due for taxes and penalties or the amount due for the expenses of seizing and advertising for sale of the assets of defendant Roath, the prayer of the complaint was for judgment against the last named defendant for the full amount allegedly due, and against the defendant surety companies for the amount of their respective bonds, but not exceeding the total amount claimed to be due from defendant Roath.

Defendant surety companies filed demurrers to the complaint which were overruled. However, their motion to strike from the complaint the allegations contained in the aforesaid paragraph VI thereof was granted by Judge Frank G. Swain, sitting in the law and motion department of the court. Answers were filed by defendant surety companies generally and specifically denying for want of information or belief all of the allegations contained in the complaint save and except the stricken allegations contained in paragraphh VI. A motion subsequently made to reconsider and set aside the

order previously made by the court, striking paragraph VI from the complaint, was denied.

The cause came on for trial March 17, 1943, before Judge Emmet H. Wilson, at which time the plaintiff offered oral and documentary proof that the sum of $25,118.76 was due the State of California for taxes and penalties, and moved the court to restore and reinstate the aforesaid paragraph VI to the complaint. Such motion was denied. Thereupon, the attorney general made an offer to prove by the supervisor of tax collections in the office of the state controller, that the latter had expended the sum of $2,262.60 in his aforesaid unsuccessful effort to enforce payment of the delinquent taxes and penalties through seizure of defendant Roath's assets. Such offer of proof was objected to by counsel for defendant surety companies and the court sustained the objection.

Defendant surety companies offered no testimony at the trial and judgment was accordingly entered against them for their respective proportions of the delinquent taxes and penalties only. On June 1, 1943, plaintiff State of California filed its notice of appeal from the aforesaid judgment, and "specifically from that portion of said judgment which, by limiting plaintiff's recovery to the sum of $25,118.76, denied plaintiff recovery of the additional sum of $2,262.60 prayed for in its complaint."

Prior to the filing of the notice of appeal herein, defendant surety companies tendered to plaintiff State of California in payment of said judgment, costs and interest thereon, the full amount of said judgment, costs and interest, which tender of payment was accepted by the state. Thereafter, on motion of defendant surety companies, made pursuant to the provisions of section 675 of the Code of Civil Procedure, the judgment was, by order of the trial court, satisfied of record.

Respondents now move to dismiss this appeal upon the ground that having accepted the fruits of the judgment appellant is estopped from prosecuting its appeal therefrom. The general rule undoubtedly is that a party is not entitled to accept the benefits of a judgment and then appeal from it (*Turner* v. *Markham*, 152 Cal. 246, 247 [92 P. 485]).

Where the judgment represents the complete award allowed to the prevailing party by the court and *disposes of the whole issue*, or in other words, where the provisions of a

judgment are interdependent, the appellate tribunal cannot properly reverse the judgment as to the part complained of and permit the remainder to stand (*Sun Oil Co.* v. *Union Drilling etc., Co.,* 208 Cal. 114, 119 [280 P. 535]). It is where a party accepts the benefit of an award and appeals for more relief *in kind* that he must seek a reopening of the whole issue or be precluded by the amount awarded (*Sun Oil Co.* v. *Union Drilling etc., Co., supra*).

In the instant case we are impressed that the two items enumerated in the complaint for which recovery was sought were not "interdependent." The main or principal item was for taxes and accrued penalties. At the trial respondents offered no evidence whatever in opposition to appellant's proof thereon and judgment was concededly ordered in accordance with the proof.

The sum of $2,262.60, also sought to be recovered, represented the expenditures incurred by the state controller in seizing, preserving and advertising for sale the delinquent taxpayer's property. This item, which formed the basis of paragraph VI of the complaint, was entirely separate and distinct from the tax item. The recovery of the $2,262.60 was in no way "dependent" upon recovery of any specific amount of taxes. The allegations in connection therewith contained in paragraph VI, were stricken from the complaint, appellant contends, erroneously, and consideration of the latter's right in regard to such allegations was thereby completely barred at the trial. Instead of being "dependent" upon each other, the two items with which we are here concerned, viz., the taxes and the expenses occasioned by seizure of the distributor's assets, are wholly "independent" of each other. The question as to whether appellant is entitled to recover the item of $2,262.60 bears no relation whatever to its right to recover the amount of taxes sued for. No appeal lies from the orders of the trial court striking a part of the complaint and excluding evidence offered by appellant, and such orders are necessarily reviewable only on an appeal from the judgment.

We find no merit in respondents' contention that the instant case is but a single cause of action and a single judgment; that the appeal being from the whole of the judgment, "all of appellant's claims for taxes and penalties being controverted," the judgment is not severable, and this court, if it should find error in the rulings of the trial court, could

only reverse the judgment *in toto*. Contrary to respondents' contentions, we are persuaded that in truth and in fact appellant's claim for taxes was not actually "controverted." True, the allegations of the complaint with reference thereto were denied, but only for lack of information and belief, while at the trial no contention was made by respondents against the validity of the tax claim. In fact one of respondents' counsel in the trial court stated "We do not stipulate to the judgment, but I don't see what else your Honor can do under the evidence." The record in this case reflects no semblance of even a challenge, to say nothing of an actual controversy concerning the right of appellant to recover on its claim for taxes. The sole question raised by the notice of appeal herein has nothing to do with the tax item—in fact, excludes it; and concerns solely and alone the right of appellant to have a trial upon its claimed right to recover for expenditures incurred in seizing the distributor's property, which is an issue absolutely severable from and independent of appellant's right to recover on its claim for taxes and penalties.

■ Finally, respondents assert that appellant having accepted the full benefit of the judgment rendered in its favor cannot appeal from that judgment. From what we have heretofore said it is at once apparent that respondents' claim in this regard cannot be upheld because an appellant is not precluded from prosecuting an appeal from a judgment in his favor when such appeal is for the purpose of establishing a greater claim and where, as here, it affirmatively appears that he is entitled to that which he has accepted, but is contending for something more (*Preluzsky* v. *Pacific Co-operative Cafeteria Co.*, 195 Cal. 290 [232 P. 970]). ■ Furthermore, where as in the case at bar, appellant accepted payment of a part of the judgment which was favorable to it, but the part adverse to appellant can be reversed without affecting the part which was favorable, the appellant is not estopped from prosecuting an appeal from that part of the judgment which was against it (*Preluzsky* v. *Pacific Co-operative Cafeteria Co.*, *supra*, at page 293). As stated by the court in the case just cited: "Where the different portions of a judgment are severable, a party by voluntarily accepting the fruits of one portion thereof does not necessarily estop himself to attack other and severable portions thereof on appeal." ■ Also, it may be said that the instant case

is not one which presents a situation wherein the appellant by its election to accept a portion of the judgment favorable to it has changed the position of respondents, to the latter's injury, and the doctrine of estoppel by such election herein is therefore clearly inapplicable. Moreover, it was to respondents' benefit to tender the amount specified in the judgment because they thereby avoided possible liability for accruing interest thereon pending this appeal. And appellant could not have avoided this result by refusing acceptance of the tender (*Ferrea* v. *Tubbs,* 125 Cal. 687 [58 P. 308]; *Hancock* v. *Hunt,* 34 Cal.App. 530 [168 P. 142]). We do not feel justified in attempting to distinguish the several cases cited by respondents. They are not sufficient, in our judgment, to overturn the legal conclusion at which we have arrived that the conduct of appellant in accepting the benefits of a portion of the judgment, prior to noticing this appeal, was not inconsistent with the right to appeal.

From what we have herein stated, it follows that the motion to dismiss this appeal must be denied. It is so ordered.

York, P. J., and Doran, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied March 6, 1944.