[L. A. No. 21463. In Bank. Oct. 31, 1950.]

FRANK H. SCHUBERT, Respondent, v. ANDREW REICH, Appellant.

Clyde Thomas for Appellant.

David S. Smith for Respondent.

CARTER, J.—Plaintiff commenced an action with respect to a contract under which defendant was to grade and process dates owned by plaintiff. Defendant answered and cross-complained for compensation for grading work, and obtained a judgment for $7,287.16, and a declaration that he had a lien on the dates as security. Plaintiff's motion for a new trial

on the ground of accident and surprise was granted "on the condition that the plaintiff and cross-defendant pay to Clyde Thomas, attorney for the defendant and cross-complainant, the sum of $75.00 as attorney fees within 5 days." Apparently the condition of granting the motion imposed upon the moving party, plaintiff, was to defray the fees of defendant's attorney in appearing at the time for trial, and, plaintiff not appearing, defendant obtained judgment. Defendant appealed (the pending appeal) from that order. The $75 was paid by plaintiff and accepted by defendant.

Plaintiff now moves to dismiss the appeal on the ground that by accepting the $75—the fruits of the order—defendant has lost his right to appeal.

It is the settled rule that the voluntary acceptance of the benefit of a judgment or order is a bar to the prosecution of an appeal therefrom. (See *San Bernardino* v. *Riverside County,* 135 Cal. 618 [67 P. 1047]; *Estate of Shaver,* 131 Cal. 219 [63 P. 340]; *Kenney* v. *Parks,* 120 Cal. 22, 24 [52 P. 40]; *Swallers* v. *Swallers,* 89 Cal.App.2d 458 [201 P.2d 23]; *Union Lithograph Co.* v. *Bacon,* 179 Cal. 53 [175 P. 464]*; *Dickenson* v. *Kallusch,* 91 Cal.App. 141 [266 P. 816]; *Ray* v. *Freeman,* 37 Cal.App.2d 656 [100 P.2d 332]; *Preluzsky* v. *Pacific Co-op. Cafeteria Co.,* 195 Cal. 290 [232 P. 970]; *Storke* v. *Storke,* 132 Cal. 349 [64 P. 578]; *McCaleb* v. *McCaleb,* 32 Cal.App. 648 [163 P. 1045]; *McLachlan* v. *McLachlan,* 98 Cal.App. 203 [276 P. 627]; *Giometti* v. *Etienne,* 5 Cal.2d 411 [55 P.2d 216]; *Cline* v. *Cline,* 132 Cal.App. 713 [23 P.2d 431]; *Guho* v. *San Diego,* 124 Cal.App. 680 [13 P.2d 387]; *Graham* v. *Alchian,* 51 Cal.App. 263 [197 P. 134]; *In re Ayers,* 175 Cal. 187 [165 P. 528]; *Walnut Irr. Dist.* v. *Burke,* 158 Cal. 165 [110 P. 517]; *Paul* v. *Walburn,* 135 Cal.App. 364 [26 P.2d 1002]; 169 A.L.R. 1010; 22 Cal.L.Rev. 444.)

*Tyson* v. *Wells,* 1 Cal. 378, is to the contrary, but has long ceased to be the law of this state by reason of the subsequent authorities above cited. The rule has been applied in situations closely analogous to the one at bar. In *San Bernardino* v. *Riverside County, supra,* (135 Cal. 618), on motion of defendant, a default judgment for plaintiff was set aside, but on condition that defendant pay plaintiff $250 for "costs and expenses." Defendant paid and plaintiff accepted the money. Plaintiff's appeal from the order setting aside the judgment was dismissed on the ground that: "The right to accept the fruits of a judgment or order, and the right to appeal therefrom, are not concurrent, but are wholly inconsistent, and an

election of either is a waiver and renunciation of the other.'' (To the same effect, see *Paul* v. *Walburn, supra*; and cases collected 169 A.L.R. 1049-50.)

The rule has no application where the benefits accepted are such that appellant is admittedly entitled to them or would not be affected or put in jeopardy by the appeal. (See *In re Hubbell,* 216 Cal. 574 [15 P.2d 503]; *People* v. *Roath,* 62 Cal.App.2d 241 [144 P.2d 648]; *San Bernardino* v. *Riverside County, supra*; 169 A.L.R. 1010 et seq.) But here it is clear that if the order granting a new trial is reversed on the appeal, then the $75 would have to be repaid. Defendant would not be entitled to it. It is an inseparable part of the conditional order granting the new trial. (See *San Bernardino* v. *Riverside County, supra.*) Nor does defendant's present offer to repay the $75 to plaintiff alter the situation. As said in 169 A.L.R. 1057, citing cases from Illinois, Kentucky, New York, Texas, Washington and West Virginia: ''But by the majority of decisions, where the acceptance of money or property would otherwise operate as a waiver of appeal or a release of errors, an offer to return or a tender back of the money or property is of no avail to restore the rights lost.''

It has been suggested that the rule does not apply where the benefits accepted are small as compared with those at stake under the remainder of the judgment. (See *Menges* v. *Robinson,* 132 Cal.App. 647 [23 P.2d 526]; *Keyes* v. *Hurlbert,* 43 Cal.App.2d 497 [111 P.2d 447]; *People* v. *Roath,* 62 Cal. App.2d 241 [144 P.2d 648]; *Stice* v. *Stice,* 81 Cal.App.2d 792 [185 P.2d 402].) In the Menges case all that appellant did was record an abstract of the judgment which the court considered as not a benefit of any consequence. In the Keyes case the statement is dictum. In the Roath case the benefits which were accepted were those to which appellant was entitled in any event. In the Stice case the court seemed to think there had not been an acceptance of benefits. We think the rule laid down in *San Bernardino* v. *Riverside County, supra,* and cases following it is applicable and controlling here.

The appeal is dismissed.

Shenk, J., Edmonds, J., Traynor, J., Schauer, J., and Spence, J., concurred.