[Civ. No. 8249.   Third Dist.   Oct. 15, 1953.]

C. W. SCOTT et al., Appellants, v. JOE A. NEVIS et al., Respondents.

620

Horace E. Dunning and Dunnell, Herbert & Dunnell for Appellants.

Berry & Davis for Respondents.

SCHOTTKY, J.—Plaintiff filed an action for damages against defendants, alleging that a Kenworth tractor-truck and semitrailer owned by defendants collided with and damaged a GMC truck and trailer owned by plaintiffs. De-

fendant Nevis filed a cross-complaint seeking damages against plaintiffs for the alleged negligent operation of plaintiffs' truck and trailer. The cause was tried before the court without a jury and the court found that the accident was caused by the concurring negligence of the drivers of the respective vehicles. Judgment was entered that plaintiffs take nothing by their complaint and that defendant Nevis take nothing by his cross-complaint. Plaintiffs appealed from the judgment in favor of defendants and against plaintiffs.

The sole contention of plaintiffs upon this appeal is that the evidence does not support the findings but establishes as a matter of law that plaintiffs are entitled to judgment. ▮ It is a rule too well established to require the citation of authorities that before an appellate tribunal is justified in reversing a judgment upon the ground of the insufficiency of the evidence, it must appear from the record that, accepting the full force of the evidence adduced, together with every inference favorable to the prevailing party which may be drawn therefrom, and excluding all evidence in conflict therewith, it still appears that the law precludes such prevailing party from recovering a judgment. ▮ The evidence must be construed most strongly against the losing party. Every favorable inference and presumption which may fairly be deduced from the evidence should be resolved in favor of the prevailing party. ▮ The prevailing party's evidence must ordinarily be accepted as true, and evidence which is contradictory must be disregarded.

Bearing in mind this familiar rule, which, we are constrained to state, is too often disregarded by counsel who pay lip service to the rule and then proceed to argue the weight of conflicting evidence before an appellate tribunal, we shall give a brief summary of the evidence as disclosed by the record.

On the morning of November 15, 1949, one Sidwell, employee of plaintiffs, was traveling south on the Rio Vista-Dixon Highway in a 1947 model GMC cab-over truck and trailer owned by plaintiffs. The combined unit, truck and trailer, was 60 feet in length, and the width of the unit was 8 feet. At the same time one Noia, employee of defendant, was traveling north upon said highway in a 1944 model Kenworth tractor-trailer pulling a semitrailer, owned by the defendant. The combined unit, truck and semitrailer, was 60 feet in length, and the width of the unit was 8 feet. Each driver was the sole occupant of the vehicle he was driv-

ing. The weather conditions at this time were referred to as poor because of the presence of dense tule fog. Visibility was estimated by the drivers to be between 50 and 100 feet. The condition of the road was wet and slippery due to the precipitation of fog upon it. The road itself was a 16-foot macadam topped highway, with dirt or clay shoulders. On this highway was located a bridge over a tule pond, said bridge being 100 feet in length and 18 feet in width. The floor of the bridge was of wood construction with macadam topping. The bridge was lined on either side by a concrete curbing of about 4 to 6 inches in height. Mounted upon this curbing on either side were 16 concrete guard posts, joined by a double line of concrete connecting poles. At each end of the bridge on either side it flared out onto the shoulder. Both of the vehicles referred to were approaching the bridge at about 7:15 a. m. on the morning referred to. Both of the drivers had the lights burning on their respective vehicles. Apparently neither of the drivers saw the other approaching the bridge, and both of the vehicles entered upon the bridge at about the same time. At some point near or about the center of the bridge, lengthwise, the two vehicles collided, the left front portion of plaintiffs' tractor-truck and the left front portion of defendant's semitrailer first making contact. After the impact the trailers from both units were severed from the tractors and came to rest at opposite ends of the bridge. The tractors of both units proceeded on off the bridge in the direction in which they were originally traveling and came to rest on the west shoulder of the road. Almost immediately after the collision another vehicle owned by plaintiffs and operated by another one of its drivers came upon the scene of the accident and collided with the semitrailer of defendant's unit, which was situated across the north end of the bridge. No one was seriously injured.

Both drivers testified that they had traveled the road before and knew of the presence of the narrow bridge upon which the collision occurred. Each testified, however, that he did not see the other until he had entered upon the bridge. According to the testimony of both drivers neither of them applied or attempted to apply their brakes after he saw the other. Each testified that the speed of his respective vehicle was about 30 miles per hour before entering upon the bridge, and that after entering upon the bridge he slowed the speed of the vehicle. Each testified that he was on his side of the white center dividing line, and that after entering upon

the bridge the wheels on the right side of his vehicle were rubbing the curbing on the outer side of the bridge. The driver of plaintiffs' vehicle testified, however, that the defendant's vehicle was not on its side of the road when entering upon the bridge, and that this condition existed right up to the point of impact.

Appellants contend that there is no substantial evidence to support the finding that the driver of their truck was negligent and that his negligence contributed proximately to the collision. They base their contentions upon two propositions:

(1) That the evidence clearly establishes that the respondent's vehicle was on the wrong side of the road; (2) that the excessive speed of appellants' vehicle in no way contributed to the collision, though such might admittedly be deemed negligence.

As was stated in *Dicken* v. *Souther,* 59 Cal.App.2d 203, at 208 [138 P.2d 408]:

". . . The doctrine of contributory negligence which will prohibit a plaintiff from recovering damages for injuries received is based on 'such an act or omission on the part of the plaintiff amounting to a want of ordinary care as *concurring or cooperating* with the negligent act of a defendant, was the proximate cause of the injury complained of.' "

In view of the evidence in the instant case and the rule that power of an appellate court begins and ends with a determination as to whether there is substantial evidence to support the judgment, it is difficult to understand how appellants can seriously urge the contention that the finding of contributory negligence is unsupported.

For the testimony of appellants' own driver was that he would not under any weather conditions enter upon the bridge in question when there was another vehicle upon it. Appellants' driver also testified that his visibility was poor, not being over 80 to 100 feet. The driver knew of the presence of the bridge and its narrowness; he knew that the surface of the road was slippery due to the precipitation of fog upon it. Yet, with the statement that he would never enter upon the bridge under any circumstances with another vehicle upon it, appellants' driver did enter upon the wet and slippery bridge when he could not see, at most, any further than the length of the bridge, if that far. (The bridge was 100 feet long.) And even in the face of his knowledge of the narrowness of the bridge, its slippery conditions, and his limited visibility, appellants' driver entered upon the bridge at a speed of about

30 miles per hour. Under Vehicle Code section 511(a) (3) the prima facie speed limit for the driver was 15 miles per hour. Section 510 of the Vehicle Code provides:

"No person shall drive a vehicle upon a highway at a speed greater than is reasonable or prudent having due regard for the traffic on, and the surface and width of, the highway, and in no event àt a speed which endangers the safety of persons or property."

Section 513 of the Vehicle Code provides that proof of speed in excess of the prima facie limit declared in section 511 shall not be deemed to establish negligence as a matter of law but it shall be necessary to establish as a fact that the operation of the vehicle at such excess speed constituted negligence. In the instant case it was a question of fact for the trial court to determine whether or not the speed of appellants' truck constituted negligence.

We are satisfied the evidence of the speed of appellants' truck, together with all of the factors hereinbefore set forth, as shown by the record, provide ample evidence to support the finding of the court that the driver of appellants' truck "so negligently and carelessly drove, operated and maintained said trucks and trailers as to proximately contribute to and bring about said collisions and the damages, if any, by plaintiff sustained."

The judgment is affirmed.

Van Dyke, P. J., and Peek, J., concurred.