[Civ. No. 21519. Second Dist., Div. One. July 11, 1956.]

DORIS WILSON, Respondent, v. JAMES GORDON WILSON et al., Appellants.

Smith, Van Dyke & Hildreth and Jack E. Hildreth for Appellants.

Belcher, Kearney & Fargo and George M. Henzie for Respondent.

DORAN, J.—The action herein is one for divorce and the appeal is from that portion of a judgment which decreed that a certain limited partnership known as Tri-Color Laboratories was "fictitious, invalid, void and non-existent and of no force and effect," and that appellant Anna E. Wilson, the husband's mother and nominally a limited partner therein, "does not have, own or hold any right, title or interest in or to any of the community property" of the husband and wife, including said partnership.

The appeal by the husband and the husband's mother is, according to appellants' brief, "predicated on the basis that there was no evidence to substantiate the findings of fact . . . , that these findings do not substantiate the conclusions of law, and that there is no evidence to substantiate that portion of the judgment heretofore mentioned."

The record discloses evidence to the effect that Doris and James Gordon Wilson were married December 31, 1933, at which time Mr. Wilson was president of Harmonizing Cartoon Studios, and Doris Wilson was employed by RKO Theatre Corporation which latter employment continued for about a year after the marriage. During 1937 Mr. Wilson's mother, the appellant Anna E. Wilson, and James A. Wilson, James Gordon Wilson's father, came from New Mexico for a visit, and continued to live with the junior Wilson for some years; the senior Wilson remaining for 11 years until death, and Anna E. Wilson remaining for four years, thereafter living with a daughter, the defendant Doris Seligman. During this period the senior Wilson was only employed for short intermittent periods, and Anna E. Wilson was not gainfully employed during the four-year residence with the junior Wilsons. According to plaintiff's testimony, the elder Wilsons

"never had any money. They have never been able to even take care of themselves except for intermittent periods when Pop (Wilson, Sr.) worked, which was a very short period out of his life when I knew him."

In January, 1940, appellant James Gordon Wilson organized Color Prints, Inc., acted as president thereof, and owned 15 per cent of the stock. This business was not particularly profitable. In 1945, Wilson organized Tri-Color Laboratories as a sole proprietorship to take advantage of a new Printon color process, for which venture Doris Wilson's mother, Mrs. Ora Kimball, advanced $21,000. Initially Mrs. Kimball was to have a one-half interest in Tri-Color; later on, two postdated notes were given Mrs. Kimball for this amount, which notes are still outstanding although some payments thereon have been made.

In 1945, the first of two fires occurred at the premises occupied by Color Prints, Inc. and Tri-Color; financial difficulties followed, and soon both businesses and James Gordon Wilson were being harassed by creditors. There is evidence that in 1949, Anna E. Wilson had received a life insurance payment of $1,000 upon the death of the senior Wilson which was deposited at Bank of America, Beverly-Wilshire Branch; that Anna E. Wilson wrote a check for $1,500 to Color Prints, Inc., and received in return an assignment of accounts receivable. A bank account was then opened in the name of Anna E. Wilson at the Security-First National Bank, Vermont and Sunset Branch, on which account appellant James Gordon Wilson was authorized to draw checks. Mr. Wilson's accountant characterized this as "a business account pure and simple" which "was set up as a device to protect business funds." This account was so maintained until July, 1953.

During this same period of financial difficulties two promissory notes secured by trust deeds covering the family home of Doris and James Gordon Wilson were executed in favor of this same Anna E. Wilson. One was dated September 24, 1949, in the amount of $7,500; the other was dated August 20, 1950, for the sum of $5,000. Anna E. Wilson testified that neither amount was ever loaned; that these instruments were "just for temporary and were to be turned back any time."

As pointed out in respondent's brief, "During the same period of time that the above steps were being taken to circumvent creditors, defendant Anna E. Wilson applied

for and commenced receiving Old Age Security benefits from the State of California (Rep. Tr. p. 840, lines 9-15). She 'made no misrepresentations' in her application and advised the Bureau of Public Assistance that she 'owned "No property" ' . . . She would have been ineligible for benefits if she had owned personal property of a value in excess of $1200. She received said benefits continuously from the year 1949 or 1950, a year or so after her husband's death, down to the date of trial herein in the year 1955."

After a second fire which occurred in 1950, Color Prints, Inc., was closed out as a defunct corporation; thereafter, James Gordon Wilson resumed operations under the Tri-Color proprietorship, and profits steadily increased until in the last months of 1954 when such profits amounted to $49,822.55. In July, 1952, for the alleged purpose of obtaining certain tax advantages, a limited partnership agreement was prepared naming James Gordon Wilson as general partner (90%), and appellant Anna E. Wilson as limited partner (10%), reciting a $5,000 capital contribution by Anna E. Wilson.

Henry D. Crookston, accountant and comptroller for James Gordon Wilson, testified that Anna E. Wilson did not put $5,000 in cash into the limited partnership as recited in the agreement, "probably only a minor portion of it," but that under instructions from Mr. Wilson, certain bookkeeping entries were made in respect to checks drawn to Anna E. Wilson and other items, indicating a credit of $10,430.10 on account of Anna E. Wilson. A debit entry of $5,000 was entered to reflect a purported $5,000 capital contribution by Anna E. Wilson to the limited partnership.

The accountant further testified that "on numerous occasions where Anna E. Wilson was to have made contributions, the money did not come from her but came indirectly from Tri-Color or some other source which was not her own personal one." Another accountant, Russell O. Guder, testified that "I have never seen any reconciliation of that account (Anna E. Wilson)," and had never "seen any supporting data whatsoever for this item of $10,430.10 other than the bookkeeping entries which are . . . in Plaintiff's Exhibits 23 and 21."

In January, 1953, James Gordon Wilson formed another corporation, Tri-Color Multiprint, Inc., to utilize a new color printing process, all shares of which were placed in the names of Anna E. Wilson (300 shares), and Mr. Wilson's

sister, Doris M. Seligman (400 shares). To pay for Anna E. Wilson's stock, $3,000 was withdrawn from Tri-Color funds in the hereinbefore mentioned Anna E. Wilson business account; thereafter when James Gordon Wilson received an inheritance of $2,968.63, checks in payment thereof were indorsed over to Anna E. Wilson. Multiprint was not a profitable venture and after the present action was filed, James Gordon Wilson purchased all stock in Multiprint and dissolved the corporation.

On June 12, 1953, the wife, Doris Wilson, filed complaint for divorce and the husband, James Gordon Wilson, filed a cross-complaint. After a trial lasting from February 25, 1955 to March 7, 1955, the trial court found that Tri-Color Laboratories and Tri-Color Multiprint are community property; that the purported limited partnership between James Gordon Wilson and Anna E. Wilson known as Tri-Color Laboratories is fictitious and of no effect; that Anna E. Wilson contributed nothing to said partnership, and that the same was not formed in substantial compliance with law. The present appeal is from that portion of the interlocutory judgment based thereon.

The appellants' challenge of the sufficiency of evidence to support the findings and judgment is governed by well settled rules of law. As said in *Scott* v. *Nevis*, 120 Cal.App.2d 619, 621 [261 P.2d 797], ''It is a rule too well established to require the citation of authorities that before an appellate tribunal is justified in reversing a judgment upon the ground of the insufficiency of the evidence, it must appear from the record that, accepting the full force of the evidence adduced, together with every inference favorable to the prevailing party which may be drawn therefrom, and excluding all evidence in conflict therewith, it still appears that the law precludes such prevailing party from recovering a judgment. The evidence must be construed most strongly against the losing party. . . . The prevailing party's evidence must ordinarily be accepted as true. . . .''

Applying the above principles to the present case, it is evident that appellants' contentions cannot be sustained. The appellants' brief sets out in considerable detail various items of evidence alleged to show that the trial court erred in finding that the purported limited partnership with Anna E. Wilson was invalid and that such person had no interest in the business. However, under the rule just mentioned the

existence of such evidentiary items becomes immaterial where the record discloses substantial evidence in support of the trial court's findings and judgment. That the record herein does reveal such evidence cannot be doubted.

The trial court was entitled to believe and evidently did believe the evidence hereinbefore mentioned which leads to a reasonable conclusion that Anna E. Wilson in fact owned no interest in the business which was actually community property belonging to Doris and James Gordon Wilson. As stated in the respondent's brief, there is substantial evidence indicating that ''Anna E. Wilson was merely held out as owning an interest in a community asset in order to gain a supposed advantage, as had been done on prior occasions. Thus, even if, as defendants urge, such procedure was recommended to secure needed tax relief,'' there still would have been no valid limited partnership. ''Defendant Anna E. Wilson neither owning nor acquiring an interest in Tri-Color, was not a partner in fact but in name only.''

■ Appellants' contention that the judgment is void because in effect it amounts to a dissolution of a partnership in an action where the partnership was not made a party is without merit. As pointed out in respondent's brief, the trial court merely found that the business in question was community property and that there was no valid limited partnership with Anna E. Wilson. Furthermore, all of the alleged partners were named as defendants.

■ As hereinbefore indicated, there is substantial evidence in support of the findings of fact, and such findings adequately support the trial court's conclusions of law that the purported limited partnership ''is fictitious, invalid, void and non-existent, and of no force and effect; that said purported Limited Partnership was not formed in substantial compliance in good faith with the requirements of Section 15502 of the Corporations Code of the State of California; that the attempted gift from defendant, JAMES GORDON WILSON to defendant ANNA E. WILSON of an interest in Tri-Color Laboratories is fictitious, invalid, void, and of no force or effect,'' etc.

The judgment is affirmed.

White, P. J., and Fourt, J., concurred.