[Civ. No. 22646. Second Dist., Div. One. Apr. 14, 1958.]

DORIS WILSON, Respondent, v. JAMES GORDON WILSON, Appellant.

Smith, Van Dyke & Hildreth and Jack E. Hildreth for Appellant.

Belcher, Kearney & Fargo for Respondent.

WHITE, P. J.—Respondent Doris Wilson instituted this action on June 12, 1953, when she filed her complaint seeking a divorce from appellant James Gordon Wilson on the ground of extreme cruelty. Following trial of the action, the superior court, in 1955, granted an interlocutory decree of divorce to respondent Doris Wilson from her husband appellant James Gordon Wilson, upon the ground of grievous mental cruelty. Upon conclusion of the trial, the court made findings of fact wherein was set forth the community property of the parties. Following conclusions of law based on these findings the court provided in the interlocutory decree of divorce that the division of certain named community property would be deferred until the final judgment. A portion of this property consisted of two business enterprises, known as Tri-Color Laboratories, and Tri-Color Multiprint, and conducted under the name of Tri-Color Laboratories, (hereinafter referred to as "business"). It was provided that during the interlocutory year appellant husband was to have the management and control of the business. The latter appealed from the interlocutory decree, but it was affirmed by this court (*Wilson v. Wilson*, 143 Cal.App.2d 53 [299 P.2d 318].)

On December 11, 1956, the court granted a final judgment of divorce. By the terms thereof, custody of the minor children of the parties was awarded to respondent wife with certain privileges of visitation and actual temporary custody to appellant husband. The residence owned by the parties, together with the furniture and equipment therein contained, was also awarded to respondent wife. The final decree also ordered and adjudged that the foregoing business be awarded to respondent wife, save and except a "comparatively new Mercury auto, presently a part of the business," which vehicle was awarded to appellant husband. The final decree also provided that appellant husband ". . . be awarded, as his sole and separate property and estate a lien in the sum of Twenty-five Thousand Dollars ($25,000.00) upon those certain businesses hereinabove referred to as Tri-Color Laboratories and Tri-Color Multiprint and the assets thereof, which said lien shall be discharged and paid by the plaintiff Doris Wilson at the rate of Two Hundred Dollars ($200.00) per month

commencing on January 1, 1958 for twelve (12) consecutive months thereafter, and at the rate of Three Hundred Dollars ($300.00) per month commencing on January 1, 1959 and for twelve (12) consecutive months thereafter, and at the rate of Four Hundred Dollars ($400.00) per month commencing on January 1, 1960 and monthly thereafter until the full amount of said sum of $25,000.00 has been paid; . . .''

It was further provided in the final decree ''that the plaintiff Doris Wilson shall assume and pay and hold defendant James Gordon Wilson harmless from any and all community obligations to Mrs. Ora Kimball, and that the defendant James Gordon Wilson shall assume and pay and hold harmless plaintiff Doris Wilson from any and all community obligations to defendants Anna E. Wilson and Doris Seligman.'' The final decree then makes provision for the payment of income taxes, together with interest and penalties thereon presently due by the payment of one-half thereof by each of the parties. The final decree then directs payments to be made by appellant husband for the care and support of the two minor children and awards two policies of insurance on the life of appellant husband to respondent wife with the proviso that the latter shall assume and pay all future premiums becoming due thereon.

Appellant husband has appealed as stated in his notice of appeal, ''. . . from those portions of the judgment (Final Judgment of Divorce) therein entered in said Superior Court on the 11th day of December, 1956, in favor of the plaintiff and against the said defendant as follows.'' Then follows a narrative of the portions of the judgment from which the appeal is taken. No appeal is taken from that portion of the judgment wherein appellant is awarded the ''comparatively new Mercury auto'' or from that portion of the judgment by which respondent wife was ordered to assume, pay and hold appellant husband harmless from all community obligations due to Mrs. Ora Kimball, mother of respondent, and amounting to in excess of $20,000.

Appellant has filed his opening brief and respondent now moves to dismiss the appeal upon the following grounds:

1. That the appeal has become moot, appellant having accepted the benefits of the judgment appealed from.

2. That appellant is estopped from prosecuting the appeal, having accepted the benefits of the judgment appealed from.

3. That appellant is in contempt of the judgment appealed from.

4. That the appeal is frivolous.

5. That appellant failed to pursue the appeal and to file an opening brief within the time fixed by the rules on appeal.

The first question presented, and the one we feel is determinative of the present motion is, should the appeal be dismissed under the well established rule that the voluntary acceptance of the benefits of a judgment or order is a bar to the prosecution of an appeal therefrom, or does the instant appeal come within the modification of this rule, which provides that the right of appeal is not forfeited unless the acts of an appellant which are relied· upon are such as to clearly and unmistakably show acquiescence and that such acquiescence must be unconditional, voluntary and absolute (*Gudelj* v. *Gudelj,* 41 Cal.2d 202, 214, 215 [259 P.2d 656]).

In the case now engaging our attention, since the trial court could have awarded respondent wife all of the community property, upon the grounds of extreme cruelty found to be true (*Barham* v. *Barham,* 33 Cal.2d 416, 431 [202 P.2d 289]; *Hellman* v. *Hellman,* 108 Cal.App.2d 588, 594 [239 P.2d 458]; Civ. Code, § 146, subd. 1), it is manifest that the portion of the community property awarded to respondent wife furnishes no basis whatsoever for a determination of whether or not appellant husband acquiesced in that portion of the judgment disposing of the community property. His acquiescence must be determined from what he did rather than from what was allotted to respondent wife.

Appellant husband urges that the different portions of the judgment herein are severable and that by accepting the fruits of one portion thereof, he does not estop himself to attack other and severable portions thereof on appeal (*Preluzsky* v. *Pacific Co-operative Cafeteria Co.,* 195 Cal. 290, 293 [232 P. 970]).

However, we are persuaded that in the case at bar, the judgment represents the complete award allowed to the prevailing party by the court, and disposes of the whole issue. In other words, the provisions of the judgment are interdependent, and an appellate tribunal cannot properly reverse the judgment as to the part complained of and permit the remainder to stand (*Sun Oil Co.* v. *Union Drilling etc. Co.,* 208 Cal. 114, 119 [280 P. 535]). As was said in *Guho* v. *City of San Diego,* 124 Cal.App. 680, 684 [13 P.2d 387]: " 'A party may also waive his right to appeal from a judgment or order by acts which are wholly inconsistent with the assertion of the right. Thus, if all the provisions of

a judgment are connected and dependent, so that a part cannot be reversed without a reversal of the whole, a party cannot proceed to enforce such portions of the judgment as are in his favor, and appeal from the part which is against him.' '' ■ The law seems well settled that acceptance of the fruits of a judgment and retention of the right to appeal therefrom, are not concurrent, but are wholly inconsistent. An election of either is a waiver and renunciation of the other. Except for the judgment herein, appellant husband would not have been entitled to receive the automobile and to be relieved of the burden of paying his share of the community obligations to respondent wife's mother, and which obligation was for an amount in excess of $20,000. Strikingly similar to the issue here presented to us is the case of *Storke* v. *Storke*, 132 Cal. 349 [64 P. 578]. There, as here, the defendant lost, but the court nevertheless awarded her a small money judgment ($250 for alimony and $200 for attorney's fees and costs), which was paid and accepted. Thereafter the defendant moved for a new trial but the proceedings therefor were dismissed, the court saying (at pp. 352, 353): "Defendant accepted the part of the judgment that was beneficial to her. It was a final judgment, and by its terms gave her $450. This sum was based upon the findings, and was the result of the litigation. Defendant took the $450, and now seeks to attack the judgment through which she received it. This she cannot do. Having taken the benefit, she must bear the burden. The amount of this judgment was not large, but the principle is the same. . . . The principle is well settled that a party accepting and receiving the portion of the judgment beneficial to him cannot appeal from it."

What we have herein stated finds support in a long and unbroken line of decisions, including *Conlin* v. *Southern Pac. R. R. Co.*, 40 Cal.App. 733, 747 [182 P. 67]; *Giometti* v. *Etienne*, 5 Cal.2d 411, 415 [55 P.2d 216]; *Swallers* v. *Swallers*, 89 Cal.App.2d 458, 462 [201 P.2d 23]; *McLachlan* v. *McLachlan*, 98 Cal.App. 203, 205 [276 P. 627]; *McCaleb* v. *McCaleb*, 32 Cal.App. 648, 649 [163 P. 1045]; *Schubert* v. *Reich*, 36 Cal.2d 298, 299 [223 P.2d 242]; *County of San Bernardino* v. *County of Riverside*, 135 Cal. 618, 620 [67 P. 1047]; *Estate of Shaver*, 131 Cal. 219, 221 [63 P. 340]; *Dickenson* v. *Kallusch*, 91 Cal.App. 141, 142 [266 P. 816]; *Union Lithograph Co.* v. *Bacon*, 179 Cal. 53, 57 [175 P.

464] ; *Walnut Irr. Dist.* v. *Burke,* 158 Cal. 165, 166 [110 P. 517] ; *Graham* v. *Alchian,* 51 Cal.App. 263, 264 [197 P. 134].

In view of the foregoing, it becomes unnecessary to consider or decide other issues tendered on this motion.

The appeal is dismissed.

Fourt, J., and Drapeau, J.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 11, 1958. Carter, J., and Schauer, J., were of the opinion that the petition should be granted.

*Assigned by Chairman of Judicial Council.