[Civ. No. 15412.   First Dist., Div. Two.   Mar. 27, 1953.]

HAROLD L. APPLETON, Appellant, v. DAVID M. BECKHARDT et al., Respondents.

Crist, Stafford & Peters and John M. Donegan for Appellant.

Campbell, Hayes & Custer for Respondents.

NOURSE, P. J.—Plaintiff sued defendants for injuries arising out of an intersectional collision between motor vehicles. At the close of plaintiff's case the trial court entered judgment for the defendants on their motion for nonsuit. The ground of the order was assigned as the contributory negligence of plaintiff. The only question requiring decision

is whether the evidence unmistakably disclosed contributory negligence as a matter of law.

The testimony heard was that the collision occurred at the intersection of Hamilton Avenue and Waverley Streets in Palo Alto. The plaintiff was driving his car north on Waverley Street. The defendant David Beckhardt was driving west on Hamilton Avenue. (We will hereafter refer to David as the defendant.) The southeast corner of the intersection was a vacant lot giving both drivers a clear view of the intersection. As he approached the intersection plaintiff was driving at about 15 miles an hour. When he entered the intersection he saw defendant approaching about 75 feet from the intersection at a somewhat greater speed. One witness testified that, when he heard the squeal of defendant's tires he observed him entering the intersection at a speed of 25 miles an hour. The defendant's car left skid marks on the pavement from a point approximately 10 feet beyond the intersection to the point of collision. At the time defendant's car was approximately 10 feet from the intersection the plaintiff's car had travelled 34 feet through the intersection and was very nearly beyond the lane of east-west traffic. The accident occurred in this segment of the intersection—the northeast—where the front of defendant's car struck the right rear end of plaintiff's car. As a result plaintiff's car was turned over on its side and plaintiff suffered personal injuries.

The trial court granted the motion for a nonsuit on the expressed ground that the evidence showed that plaintiff did not look to his right before he entered the intersection. The court was in double error—the evidence did not show that plaintiff did not look and, if it had, it was for the jury to determine the proximate cause. The plaintiff testified that he "checked pretty good there before coming into it [the intersection]," and that he entered it carefully. He also testified that he could not say positively that he came to a stop nor that he looked to the right before entering the intersection. But there was no proof that he had not. He did testify that when he was about four feet into the intersection he looked to his right and saw defendant's car about 75 feet away. If he had looked sooner that distance would have been considerably greater and thus a sounder basis for plaintiff's assumption that he had ample time to clear the intersection safely.

But we do not need to indulge in any assumptions or inferences. The facts clearly demonstrate that plaintiff's conduct did not make a case of contributory negligence as a matter of law and that that issue should have been left to the jury.

It would serve no purpose to discuss or analyze the numerous cases cited by both parties. Every case involves its own state of facts which are not like what we have here. Here the controlling point is that plaintiff had entered the intersection while defendant was approaching it and it was the duty of defendant to yield the right of way under section 550(a) of the Vehicle Code. ▮ It is sufficient to quote from *Couchman* v. *Snelling,* 111 Cal.App. 192, 195-196 [295 P. 845] : ''Where a car has actually entered an intersection before the other approaches it, the driver of the first car has the right to assume that he will be given the right of way and be permitted to pass through the intersection without danger of collision. He has a right to assume that the driver of the other car will obey the law, slow down, and yield the right of way, if slowing down be necessary to prevent a collision. (*Keyes* v. *Hawley,* 100 Cal.App. 53, 60 [279 P. 674].) Nor is a plaintiff required to yield the right of way to one a considerable distance away whose duty it is to slow down in crossing an intersection. (*Whitelaw* v. *McGilliard,* 179 Cal. 349 [176 P. 679].)''

We rest our decision on the single ground that the evidence was such that the disputed issues should have been left with the jury.

Judgment reversed.

Goodell, J., and Dooling, J., concurred.

A petition for a rehearing was denied April 25, 1953, and respondents' petition for a hearing by the Supreme Court was denied May 21, 1953.