**William W. BALL, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 37657.**

United States District Court
N. D. California, S. D.
March 1, 1961.

---

13. Overholser v. De Marcos, 80 U.S.App. D.C. at page 92, 149 F.2d at page 24.

14. 80 U.S.App.D.C. at page 93, 149 F.2d at page 25.

Robert E. Lawson, Sunnyvale, Cal., for plaintiff.

Laurence E. Dayton, U. S. Atty., Helen A. Kelly, Asst. U. S. Atty., San Francisco, Cal., for defendant.

ROCHE, District Judge.

Plaintiff seeks to recover damages alleged to have been caused by the negligence of defendant's employee while acting in the scope of his employment.

At approximately 8:40 A.M. on July 17, 1958, in clear weather and heavy traffic, plaintiff's vehicle, southbound in the outer lane of traffic on Bayshore Highway, collided with a half-ton truck belonging to defendant and driven by Private Kazuo R. Kaneshiro in the course of his duties as an enlisted member of the United States Army. At the moment of impact, defendant's vehicle was completing a left turn from the northbound inner lane of Bayshore Highway into Mountain View-Alviso Road, while plaintiff's vehicle had just overtaken and passed to the right of a large trailer truck stopped in the southbound inner lane of Bayshore Highway preparing to turn left. The intersection light was green for north and southbound traffic on Bayshore Highway.

The substance of defendant's position is that plaintiff was guilty of contributory negligence barring any recovery. Creamer v. Cerrato, 1934, 1 Cal.App.2d 441, 36 P.2d 1094; Scott v. Nevis, 1953, 120 Cal.App.2d 619, 261 P.2d 797; Dicken v. Southerner, 1943, 59 Cal.App.2d 203, 138 P.2d 408. Defendant contends that plaintiff's conduct violated Section 21755 of the Vehicle Code, which states that a driver may overtake and pass another vehicle upon the right only under conditions permitting such movement in safety.

Plaintiff admits passing the stopped trailer truck at 35 m. p. h. and subsequent measurement of his skid marks confirmed that he was moving at least that fast. The presence of the trailer truck in the intersection and to plaintiff's left blocked his view of approaching traffic in the northbound lanes and the area of the southbound inner lane directly in front of the truck. Consequently, he executed his pass unable to see a vehicle in the position of turning left into Mountain View-Alviso Road from the northbound inner lane of Bayshore Highway.

Plaintiff attempts to justify his conduct by citing Section 21801 of the Vehicle Code, which instructs the driver of a vehicle intending to turn left to yield the right of way to a vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard. He argues that having the right of way, his conduct was prudent and reasonable because it is not negligent to fail to anticipate the negligence of another. Appleton v. Beckhardt, 1953, 117 Cal.App. 2d 70, 254 P.2d 948; Robbiano v. Bovet, 1933, 218 Cal. 589, 24 P.2d 466.

But Section 21801 states further that the driver turning left, having so yielded, may then make his turn and all other vehicles approaching from the opposite direction shall yield the right of way to him. Clearly, the driver turning left need not yield the right of way to all through motorists; under certain conditions they must yield to him. People v. Miller, 1958, 161 Cal.App.2d Supp. 842, 327 P.2d 236.

Here, plaintiff drove into the intersection not knowing if another vehicle was in the northbound inner lane preparing to turn left, how long it might have been there, or even whether it had already commenced its turn across the southbound inner lane. In short, he was in no position to ascertain who had the right of way between himself and a vehicle turning left across his projected path. Consequently, it was negligent to proceed into the intersection at a speed which made it impossible for him to yield the right of way if necessary. Havens v. Loebel, 1930, 103 Cal.App. 209, 284

P. 676; Huetter v. Andrews, 1949, 91 Cal.App.2d 142, 204 P.2d 655.

It is the conclusion of the court that plaintiff's conduct violated Section 21755 of the Vehicle Code permitting him to pass another vehicle on the right only under conditions allowing such movement in safety, that such violation was a proximate cause of the collision, and that therefore he is barred from any recovery by virtue of his own contributory negligence.

The foregoing shall constitute Findings of Fact and Conclusions of Law.