[Civ. No. 3499.   First Appellate District, Division Two.—February 4, 1921.]

GEORGE G. GRAHAM, Appellant, v. A. H. ALCHIAN, Respondent.

[1] JUDGMENT—SATISFACTION—APPEAL—DISMISSAL.—Where the plaintiff in an action of claim and delivery was awarded judgment for the alleged value of the property but no damages for detention, and thereafter took out execution and satisfied the judgment, he had not the right of appeal from the part of the judgment denying such damages, and the attempted appeal therefrom must be dismissed.

APPEAL from a judgment of the Superior Court of Fresno County. H. Z. Austin, Judge. Appeal dismissed.

The facts are stated in the opinion of the court.

Geo. G. Graham and H. F. Neal for Appellant.

C. K. Bonestell and Harry Sarkisian for Respondent.

STURTEVANT, J.—The plaintiff, hereinafter called the appellant, commenced an action against the defendant, hereinafter called the respondent, to recover a certain automobile, or its value, alleged to be seven hundred dollars. Judgment went in favor of the appellant in the sum of seven hundred dollars and interest at seven per cent from the date of his demand made on the respondent for possession. Because he was not awarded damages for detention, the appellant appealed under section 953a of the Code of Civil Procedure from that part of the judgment that denied him such additional damages. Thereafter the respondent appeared in this court and moved to dismiss the

appeal. In support of his motion the respondent showed this court that the judgment appealed from was entered April 14, 1920; that the appellant appealed April 15, 1920; that on September 13, 1920, the appellant took out a writ of execution, and on October 1, 1920, the appellant satisfied the judgment in the trial court.

The appeal from the judgment and the motion to dismiss have both been submitted and both are before us for our consideration.

In view of the conclusions which we have reached concerning the merits of the motion, it will not be necessary for us to determine the merits of the appeal from the judgment.

[1] If the defendant, the losing party in the trial court, had taken the appeal, and had involuntarily paid the judgment entered against him, it is settled law that such payment would not affect his right to have the appeal heard on its merits. (*Patterson* v. *Keeney,* 165 Cal. 465, [Ann. Cas. 1914D, 232, 132 Pac. 1043].) But a party cannot accept the benefit or advantage given him by an order and then seek to have the order or judgment reviewed. (*County of San Bernardino* v. *County of Riverside,* 135 Cal. 618, [67 Pac. 1047]; *Estate of Shaver,* 131 Cal. 219, [63 Pac. 340]; *Patterson* v. *Keeney,* 165 Cal. 465, 467, [Ann. Cas. 1914D, 232, 132 Pac. 1043].)

The motion to dismiss the appeal is granted.

Langdon, P. J., and Nourse, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 5, 1921, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 5, 1921, and the following opinion then rendered thereon:

THE COURT.—The opinion of the district court of appeal of the first appellate district, division two, does not, perhaps, clearly show certain facts which make it obvious that the decision of such court dismissing the appeal is correct.

The trial court expressly found, in disposing of the issues made by the pleadings, that "in the month of June, 1918, the defendant sold the same [automobile] and converted the same and the proceeds thereof to his own use," and "that the plaintiff has been damaged by the taking and detention and conversion of the said automobile as herein found in the sum of seven hundred dollars, the value thereof, with legal interest from June 30, 1918, and no more." This was the disposition by the trial court of all the claims of the plaintiff with relation to value and damages, including a conclusion that there was no damage resulting from any act of the defendant that would not be recompensed by a judgment for seven hundred dollars, with legal interest from June 30, 1918, to the day of the judgment. Judgment was given accordingly. As was said by the district court of appeal, the plaintiff could not accept the award so made by him by the judgment and further prosecute his appeal.

The application for hearing in this court after decision by the district court of appeal is denied.

All the Justices concurred, except Sloane, J., who was absent.