[Civ. No. 1412. Fourth Appellate District.—June 17, 1933.]

MARK M. MENGES, Appellant, v. RICHARD L. ROBINSON et al., Defendants; A. R. MOTT et al., Respondents.

George H. Gobar for Appellant.

Head, Wellington & Jacobs, R. Y. Williams and Charles D. Swanner for Respondents.

JENNINGS, J.—This is a motion by two defendants to dismiss plaintiff's appeal from the judgment. Two contentions are urged in support of the motion. The first of these contentions is that the plaintiff in whose favor the judgment was rendered has, subsequent to the institution of the appeal, taken affirmative action upon the judgment from which the appeal is prosecuted, thereby recognizing the validity of the judgment and consequently waiving his right to appeal. The second contention is that plaintiff's opening brief is fatally defective in that it fails to set forth on the first page thereof a statement of the question involved as required by section 2, Rule VIII of the Rules for the Supreme Court and District Courts of Appeal.

It appears from the record herein that the plaintiff instituted this action in the Superior Court of Orange County to recover from the defendants the sum of $5,000, together with interest and costs on a promissory note for the aforesaid amount alleged to have been executed by the defendants in favor of a third person who was alleged to have transferred the note to plaintiff prior to maturity for a valuable consideration. Defendants Bosch and Mott filed answers to plaintiff's complaint denying that plaintiff was a holder in due course of the note and further pleading as a separate

defense to plaintiff's complaint that the defendants were induced to execute the note through fraudulent representations of the payee who later fraudulently conspired with plaintiff to transfer the note to him for nominal consideration. An additional defense alleged in the answers was failure of consideration.

The action was tried before a jury which returned a verdict in plaintiff's favor in the amount of $1,000. In conformity with the verdict thus returned the judgment was duly entered. Plaintiff then moved the court for a new trial which was denied. Thereupon, plaintiff being dissatisfied with the judgment perfected an appeal to this court. After giving notice of appeal, plaintiff secured from the clerk of the court an abstract of the judgment and caused it to be recorded in the office of the County Recorder of the county wherein the action was tried. Because of plaintiff's action in thus causing an abstract of the judgment to be recorded it is contended that he accepted a benefit or advantage of the judgment and thereby waived his right to complain of it on appeal.

■ There is no doubt that the rule is settled that an appellant may not accept the benefit of a judgment and at the same time assert his right to attack it. (*Estate of Shaver,* 131 Cal. 219, 221 [63 Pac. 340]; *Storke* v. *Storke,* 132 Cal. 349, 353 [64 Pac. 578]; *County of San Bernardino* v. *County of Riverside,* 135 Cal. 618, 620 [67 Pac. 1047]; *First Nat. Bank* v. *Wakefield,* 138 Cal. 561, 562 [72 Pac. 151]; *Turner* v. *Markham,* 152 Cal. 246, 247 [92 Pac. 485]; *Estate of Ayers,* 175 Cal. 187, 190 [165 Pac. 528]; *Graham* v. *Alchian,* 51 Cal. App. 263 [197 Pac. 134].) The reason supporting this established legal principle is that the action of an appellant who voluntarily accepts the advantage afforded by a judgment and yet seeks to reverse it is fatally inconsistent. To this rule there is a clear exception that where a reversal of the judgment cannot affect the right of the appellant to the benefit which he has taken as, for example, where there is no controversy as to his right for the amount for which the judgment was given, but he claims to be entitled to a larger amount, he is not precluded from an appeal even though he has voluntarily accepted the amount awarded to him by the judgment. (*San Bernardino*

v. *County of Riverside, supra; Walnut Irr. Dist.* v. *Burke,* 158 Cal. 165 [110 Pac. 517] ; *Estate of Hubbell,* 216 Cal. 574, 577 [15 Pac. 503] ; *Guho* v. *City of San Diego,* 124 Cal. App. 680, 682 [13 Pac. (2d) 387].) The exception is not here applicable. The record shows that respondents by their answers to the complaint and by the evidence submitted on their behalf during the trial of the action denied that they were liable in any amount to appellant on account of the note which constituted the basis for appellant's right of action.

The contention of respondents on the motion to dismiss the appeal herein that appellant has taken affirmative action in support of the judgment with which he announces his dissatisfaction by his appeal therefrom is not devoid of merit. There is a species of inconsistency in appellant's action in this regard. Nevertheless, bearing in mind the desirability that appeals shall be considered on their merits, we may with propriety consider the effect of appellant's action in causing an abstract of the judgment to be recorded for the purpose of arriving at the conclusion whether or not he thereby brought himself within the operation of the aforementioned rule so that it must be declared that he waived his right of appeal from the judgment.

It must be conceded at the outset that appellant by his action secured nothing of tangible value. Certainly he derived no direct financial benefit. The only result which followed from the recordation of the judgment abstract was the creation of a judgment lien on any real property in Orange County owned by respondents or either of·them at the time of recordation or which they might thereafter acquire during the time the lien continued in existence. If neither of them at the time of recordation owned any such property in the aforesaid county and if during the time the lien should continue neither should acquire any real property therein obviously no benefit or advantage of any character can be said to have been derived. It may be observed that it is nowhere made to appear that either of the respondents owned any real property in Orange County. It may therefore be declared that, so far as appears, appellant derived no direct benefit by the recordation of the abstract. The only advantage that he may secure consists of a speculative benefit depending on the acquisition by

either of the respondents of real property in Orange County during the time the judgment lien continues in existence.

Furthermore, even if it be assumed that respondents owned real property in Orange County at the time the abstract of the judgment was recorded, appellant, by taking the affirmative action of causing the abstract to be recorded, derived no benefit other than the impressment on such real property of a judgment lien. ▮ The effect produced by the creation of such a lien is that some security is thereby provided for enforcement of the judgment should it become final on appeal. This must be true since it is a distinctive characteristic of a lien that it makes the property to which it attaches security for the performance of an act (sec. 2872, Civ. Code; sec. 1180, Code Civ. Proc.).

Prior to 1927, section 671 of the Code of Civil Procedure provided that a judgment lien which would attach to real property of the judgment debtor in the county where the judgment was entered was created by the docketing of the judgment. The legislature of California in that year amended the aforesaid section. Since its amendment the section reads as follows: ''Entries in Docket. Immediately after filing the judgment-roll, the clerk must make the proper entries of the judgment under appropriate heads, in the docket kept by him.'' In the same year, the legislature also amended section 674 of the Code of Civil Procedure to provide for the creation of a judgment lien upon real property of a judgment debtor in any county in the state by the recordation in such county of a certified abstract of a judgment rendered by any court of record of California, or of the United States. The effect produced by these amendments was therefore to eliminate the automatic creation of a judgment lien on real property of a judgment debtor in the county where the judgment is entered by the mere docketing of the judgment and to require the affirmative action of recordation of an abstract of the judgment in order to create a judgment lien which will attach to real property of a judgment debtor in such county.

We entertain the opinion, therefore, that, although appellant's action in causing an abstract of the judgment to be recorded after he had announced his dissatisfaction with the judgment by initiating an appeal from it was inconsistent, nevertheless he should not, by reason of such incon-

sistent action, suffer the penalty of having his appeal dismissed. We make this declaration with due regard to the following language which is contained in the decision in *Stetson* v. *Sheehan,* 52 Cal. App. 353, at page 358 [200 Pac. 387, 390] :

"And it would seem that the only penalty which a plaintiff appealing from a money judgment in his favor might be put to in the event of his seeking to enforce said judgment pending his appeal would be that of having his appeal dismissed upon the ground that he had waived the same by accepting or seizing upon the benefits of said judgment."

With respect to the above-quoted language it may be observed, first, that it is *dictum* and, second, that it is not applicable to the situation which exists in the instant case. So far as the record shows appellant has proceeded no further in the enforcement of the judgment in his favor than to cause an abstract of it to be recorded. We think that it may not fairly be said that thereby he is "seeking to enforce" a judgment with which he has announced his dissatisfaction but rather that he has simply taken the precaution to provide some security for the satisfaction of the judgment should it be affirmed on appeal. Certainly it cannot be successfully maintained that he has accepted "the fruits of the judgment" as this phrase is employed in numerous decisions hereinabove cited.

The second contention of respondent urged in support of the motion to dismiss the appeal is that there is not set forth on the first page of appellant's opening brief a proper statement of the question involved on the appeal as required by section 2 of Rule VIII of the Rules for the Supreme Court and District Courts of Appeal. Examination of the brief shows that the first page contains three interrogations preceded by the title, "Statement of Questions Involved". The first of the three interrogations refers to the court's action in admitting certain testimony and carries the implication that the court erred in permitting the testimony to be given. The second interrogation refers to the court's action in denying motions for an instructed verdict and for judgment notwithstanding the verdict and carries the implication that the court's action in so doing constituted reversible error. The third interrogation refers to the amount for which the verdict was rendered and

carries the implication that the jury erred because it entirely disregarded certain instructions assertedly given by the court. It is our opinion that the so-called "Statement of Questions Involved", set forth on the first page of appellant's opening brief, does not strictly conform to the requirements of the above-mentioned rule. Nevertheless, it must be conceded that appellant made some effort to comply with the rule, and under the circumstances we do not feel impelled to impose upon him the harsh penalty of dismissal.

For the reasons stated the motion of respondents to dismiss the appeal herein is denied.

Barnard, P. J., and Marks, J., concurred.