[No. A048047. First Dist., Div. Three. Oct. 30, 1990.]

WILLIAM L. EPSTEIN et al., Plaintiffs and Appellants, v.
WILLIAM V. DeDOMENICO et al., Defendants and Respondents.

[Opinion certified for partial publication.*]

*Certified for publication except as to part II. (Cal. Rules of Court, rules 976(b) and 976.1.)

**COUNSEL**

Alexander G. van Broek and Seymour Seidscher for Plaintiffs and Appellants.

Low, Ball & Lynch, Chester G. Moore III, Janet Kulig and Judith J. Rentschiler for Defendants and Respondents.

**OPINION**

**CHIN, J.**—Joan and William Epstein (the Epsteins) appeal from a judgment enforcing a settlement reached at a court-supervised settlement

conference. They contend that enforcement of the settlement was improper because their consent was obtained by coercion on the part of their attorney. In the published portion of this opinion, we find that the Epsteins waived their right to appeal by accepting the benefit of the settlement; therefore, the appeal is dismissed.

## Facts

The appellate record is limited because this appeal arises out of a court-supervised settlement conference. However, certain facts are not disputed in the briefs. We treat those facts as true for purposes of this appeal, even though they are not established by record.

In 1985, the Epsteins bought an apartment building in Pacifica from respondent William DeDomenico (DeDomenico). The sale was brokered at least in part by respondent Coldwell Banker Commercial Group, Inc., through its employees, respondents Darryle Isaac and Dennis Lanterman. The Epsteins became unhappy with their purchase, and in 1987 they filed suit against respondents. At some point, DeDomenico apparently initiated foreclosure proceedings against the property, for the record reflects that the Epsteins obtained an injunction prohibiting foreclosure and posted a $75,000 cash bond as security.

In mid-February 1989, an initial settlement conference failed. On March 6, the case was sent out to trial. After a four and one-half day settlement conference, the case was settled. Joan Epstein was present throughout the entire settlement conference and personally consented to the settlement on her own and her husband's behalf. The return of the Epsteins' $75,000 security deposit was included in the settlement. On April 4, the Epsteins obtained an order returning their $75,000 security deposit.

The Epsteins then became dissatisfied with the settlement. On June 30, Joan Epstein filed a declaration stating that she agreed to the settlement only because her attorney, Dawson, threatened to abandon the case and force them to trial without counsel. She also stated that she could not execute the proposed settlement documents before she obtained the services of another attorney. The Epsteins substituted themselves in propria persona.

On July 26, respondent DeDomenico filed a motion under Code of Civil Procedure section 664.6[1] to enforce the settlement. The Epsteins filed a response and alleged that their consent was coerced by Dawson and that

---

[1] All further statutory references are to the Code of Civil Procedure.

they now opposed the settlement. After hearing argument, the court granted the motion and entered judgment enforcing the terms of the settlement. This appeal followed.

## Discussion

### I. *Appealability*

Respondents assert that the Epsteins waived their right to appeal by accepting the benefits of the settlement. Before the Epsteins objected to the settlement, they obtained an order returning their $75,000 security deposit which prevented foreclosure on the Pacifica property. That order was a specific term of the settlement agreement, i.e., the $75,000 was to be returned to the Epsteins, the injunction was to be dissolved, and DeDomenico agreed not to foreclose and waived all costs and fees. Respondents assert that by arranging for and accepting return of the deposit, the Epsteins have waived their right to complain of the judgment. We agree.

"It is the settled rule that the voluntary acceptance of the benefit of a judgment or order is a bar to the prosecution of an appeal therefrom. [Citations.]" (*Schubert* v. *Reich* (1950) 36 Cal.2d 298, 299 [223 P.2d 242].) The rule is based on the principle that "the right to accept the fruits of the judgment and the right to appeal therefrom are wholly inconsistent, and an election to take one is a renunciation of the other. [Citation.]" (*Trollope* v. *Jeffries* (1976) 55 Cal.App.3d 816, 822 [128 Cal.Rptr. 115].) Although the acceptance must be clear, unmistakable, and unconditional (*In re Marriage of Fonstein* (1976) 17 Cal.3d 738, 744 [552 P.2d 1169]), acceptance of even a part of the benefit of a judgment or order will ordinarily preclude an appeal from the portion remaining. (See, e.g., *Schubert, supra,* at pp. 298-299 [acceptance of $75 attorney fee award waived right to appeal from order granting new trial].) Stated more generally, " ' . . . where an appellant is shown to have received and accepted advantages from a judgment to which [he or she] would not be entitled in the event of a reversal of the judgment . . . ,' " the acceptance of even part of the judgment precludes the appeal. (*Gudelj* v. *Gudelj* (1953) 41 Cal.2d 202, 214 [259 P.2d 656], quoting *Browning* v. *Browning* (1929) 208 Cal. 518, 525 [282 P. 503].) However, there is an exception to the general rule where the appellant's right to the accepted portion of the judgment is not disputed on appeal. In that case, the appeal as to the disputed portion may proceed, because a reversal will have no effect on the appellant's right to the benefit he or she has accepted. (*Gudelj, supra,* at p. 214; *Browning, supra,* at p. 525; and see, e.g., *Estate of Hubbell* (1932) 216 Cal. 574, 577 [15 P.2d 503].)

Here, the Epsteins recovered the entire deposit because of the settlement; had there been no settlement, the deposit would have remained

pending the outcome of the Epsteins' action. Thus, the recovery of the deposit was a substantial benefit of the settlement which the Epsteins accepted. If we reversed the judgment and vacated the settlement, the Epsteins would either redeposit the security or take equivalent steps to prevent execution on their property by respondent DeDomenico. Because reversal would affect the Epsteins' right to the deposit, the exception to waiver based on the severability of the benefit accepted does not apply. (Cf. *In re Marriage of Fonstein, supra,* 17 Cal.3d at pp. 744-745 [where wife's use of and claims to community property were not adverse to husband and amounted to less than the share to which she would be entitled no matter what the result on appeal, use and claims did not amount to acceptance of judgment below, and appeal not waived].) In this context, we also observe that any settlement of disputed claims involves many compromises and concessions which may not appear interdependent to those who did not participate in the discussion, but may have controlled the decision of the parties to accept other apparently unrelated terms of the agreement. For that reason, we would be reluctant to find that any term of a negotiated settlement was severable from the rest absent a clear showing of independence. There is no such showing here.

*Menges* v. *Robinson* (1933) 132 Cal.App. 647, 649-650 [23 P.2d 526], cited by the Epsteins, is not apposite. In *Menges,* the appellant had obtained an unsatisfactory judgment in the trial court. (*Id.,* at p. 649.) He appealed but also recorded an abstract of the judgment in the county where the case was tried. (*Ibid.*) The respondents moved to dismiss the appeal on the ground that the appellant accepted the benefits of the judgment by recording the abstract. (*Id.,* at p. 650.) The appellate court rejected that argument on the ground that the benefit the appellant received from recording was only "speculative," and that he had received "no direct financial benefit." (*Ibid.*) Here, the Epsteins have received a considerable financial benefit, in that they recovered their deposit in 1989 and have had the use of it since then. It is of no importance that they theoretically were entitled to the return of the deposit if they succeeded in their action against DeDomenico. They were able to recover the deposit when they did only by virtue of the judicially enforced settlement. Unlike the appellant in *Menges,* they recovered a substantial sum which was far from speculative.

Finally, though the point is not raised by the parties, we observe that it is unimportant that the benefits of the settlement were accepted by the Epsteins before any judgment was entered. In the procedural context presented by this case, a settlement subject to enforcement under section 664.6 is equivalent to judgment entered on the authority of that section. A motion to enforce seeks entry of a judgment on terms identical to those of the settlement. (§ 664.6 [judgment to be entered "pursuant to the terms of the

settlement"].) Thus, because the judgment does no more than put into effect the determination of the rights and duties made by the settlement, an acceptance of the benefits of the settlement before entry of the enforcing judgment should waive the right to appeal from the judgment, absent some exception to the general rule. (Cf. *Trollope* v. *Jeffries, supra,* 55 Cal.App.3d at pp. 824-825 [acceptance of benefits of arbitration award prior to order confirming award would waive right to appeal from order].)

Because the Epsteins accepted the benefit of their settlement, we conclude that they are precluded from appealing its enforcement.

## II.  *Substantial Evidence**

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

## III.  *Disposition*

The appeal is dismissed.

Merrill, Acting P. J., and Strankman, J., concurred.

---

* See footnote, *ante,* page 1243.