Filed 12/23/15  Marriage of Elhelbawy CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re Marriage of LADAN and MOHAMED ELHELBAWY. | B257345 (Los Angeles County Super. Ct. No. BD525746) |
| LADAN ELHELBAWY, Appellant, v. MOHAMED ELHELBAWY, Respondent. | |

APPEAL from the orders of the Superior Court of Los Angeles County. Patrick A. Cathcart,  Judge.  Affirmed.

Gordon Gordon Lawyers and Errol J. Gordon for Appellant.

Honey Kessler Amado for Respondent.

\* \* \* \* \* \* \* \* \* \*

In this marital dissolution action, wife Ladan Elhelbawy appeals the family court's order denying her motion to set aside or modify the marital settlement agreement she reached with husband Mohamed Elhelbawy. Wife's motion contended the parties' settlement agreement mistakenly failed to consider encumbrances on the marital home wife was awarded under the agreement, and that these debts were not factored into the equalization payment she was owed under the agreement. At the hearing on wife's motion, the family court granted husband's request to enter judgment on the parties' settlement under Code of Civil Procedure section 664.6.

Several months later, wife filed a second motion, purportedly based on different statutory grounds, asking the court to reconsider its earlier ruling denying her motion to set aside or modify the parties' settlement agreement, and seeking to set aside or vacate the judgment. During the pendency of her second motion, wife filed a notice of appeal from the judgment. Wife's second motion was denied after the family court concluded that wife's notice of appeal from the judgment divested it of jurisdiction to consider her second motion. Wife filed a second notice of appeal, from this ruling, and we have consolidated her appeals.

On appeal, wife contends the family court abused its discretion when it denied her first motion, and that the family court erred in concluding that it lacked jurisdiction to consider her second motion. Husband has moved to dismiss wife's appeal, arguing that wife has accepted benefits under the settlement agreement, and has therefore waived her right to appeal. We deny the motion to dismiss, conclude that the trial court lacked jurisdiction to consider wife's second motion, and find no abuse of discretion in the trial court's ruling on wife's first motion. We therefore affirm the orders below.

**BACKGROUND**

Wife and husband were married in December 1987. On May 27, 2010, wife filed a petition for dissolution of marriage. On January 31, 2014, the parties participated in a mediation, and reached a global settlement. The parties' agreement divided their interests in two LLC's, with the parties to each receive half of the proceeds from the sale of each of these businesses. The agreement also provided, in pertinent part, that wife would

2

receive the marital residence located on Mulholland Drive in Woodland Hills, two properties located in Oklahoma and Montana, and two IRA accounts. She took these properties as her own "separate property . . . along with any and all encumbrances thereon." Husband was awarded properties on Mulholland Highway, in Egypt, and in Virginia, along with another LLC and two IRA accounts. Each party assumed "any and all debts" listed on their respective schedules of assets and liabilities, which were not appended to the agreement. Wife was awarded an equalization payment of $35,518. It was also agreed that she would "refinance [the marital property] within six months of entry of judgment. If [wife] is unable to refinance the property or pay off existing loans on the property to remove [husband's] name, the property shall be placed on the real estate market for sale. All net proceeds shall be awarded to [wife]."

At the January 31, 2014 status conference, the parties represented that they had reached a settlement, and that they wanted to "put it on the record." Counsel asked the court to "inquire of the parties regarding the agreement." Wife and husband confirmed that they had initialed each of the seven pages of the agreement, and signed the agreement. They confirmed that they understood the terms of the agreement, and had discussed them with their lawyers. Moreover, wife agreed that she was being awarded the marital residence, and that she agreed to "refinance it or pay off the loan within six months of execution of this judgment" to remove husband's name from the home's mortgage. The court signed the parties' handwritten "stipulation settlement agreement," which was memorialized on Judicial Council Form FAM 024(A), and ordered the parties to prepare a formal judgment.

On March 11, 2014, wife filed a request for an order, asking the court to "set aside Court Order Pursuant to CCP Section 473 or, in the alternative, Modify provisions of the Settlement Agreement at the Time of Trial dated 1-31-2014 which is the subject of this instant Motion." Wife filed the motion in pro. per., as her counsel had withdrawn, but the

3

motion had been prepared by her previous attorney.[1]  The motion argued that wife's counsel had erroneously forgotten to include a debt of $539,000 owed on the marital residence in the "Propetizer" calculation that determined the equalization payment owed to wife.  Wife contended that if the debt on the family residence was considered, she was owed an equalization payment of $295,518.

In her declaration in support of the motion, wife averred that she only agreed to the equalization payment in the settlement agreement because she did not know that the calculation failed to consider the amount of debt owed on the property.  After realizing the mistake, wife's counsel prepared a stipulation to set aside the mistaken provisions.  Husband, however, refused to sign the stipulation.  Wife requested that the court modify the agreement to change the equalization payment, or set aside that provision of the agreement and order a trial on the limited issue of the equalization payment.

Appended to the motion was the "Propetizer" calculation on which the equalization payment was based, showing the fair market values of all of the parties' real properties.  The spreadsheet listed no debts for any of the properties, and set their equity at their fair market value.  The value attributed to the marital residence was $835,964.  Wife prepared a new "Propetizer" spreadsheet reflecting that the marital residence had existing loans totaling $539,000, reducing the equity in the property to $296,964.

On March 20, 2014, husband filed a request for an order entering judgment on the parties' settlement pursuant to Code of Civil Procedure section 664.6.  Husband's declaration in support of the motion averred that the settlement between the parties was a global agreement, completely dividing all assets and debts.  The agreement did not set forth values for all of the parties' assets and debts, but included an equalization payment based on the agreed-upon values that the parties had negotiated.  The parties "discussed the debt on the family residence . . . several times and . . . agreed that [wife] needed to remove [husband's] name from the mortgage within six (6) months of entry of

---

[1]     A conflict had arisen between wife and her counsel, so counsel was relieved, but nonetheless prepared wife's motion to correct the settlement.

Judgment." Debts were not included in the "Propetizer" calculation "because [the parties] agreed that [husband] would accept responsibility for all of the community debts and that [wife] would be responsible for the mortgage and line of credit on the [marital] residence." There was no mistake in calculating the equalization payment. Husband was willing to agree to a higher equalization payment to settle the matter, but would not pay the amount sought by wife. Moreover, if the "Propetizer" calculation considered all community assets and debts, and considered the actual fair market value for the marital residence (which was greater than that used in the "Propetizer"), wife would owe husband an equalization payment of $50,269. Husband had complied with the terms of the agreement, transferred title to the marital residence to wife, and made the equalization payment to wife, as well as other money owed to her under the agreement.

Husband also filed a responsive declaration to wife's motion. The declaration was nearly identical to the one submitted in support of the request to enter judgment. Husband's opposition to wife's motion also included a property report indicating an estimated value of $1,189,032 for the marital residence, as of March 19, 2014.

At the April 21, 2014 hearing on wife's and husband's motions, husband's counsel represented that the settlement was a true compromise between the parties, and that the fair market value of the marital residence had been discounted in the "Propetizer" calculation. The court stated its understanding that the debt for the house was not added into the calculation because the parties agreed to use a lower fair market value for the property. Wife disagreed, stating that the parties' lawyers did not consider the house debt when making their calculations. Wife reiterated that she did not want the whole agreement set aside; she only wanted the equalization payment to be adjusted. The court stated that it could not rewrite the agreement between the parties. The court also found that wife agreed to take the marital residence subject to existing loans, and to refinance the property. Therefore, the court denied wife's motion, and entered husband's proposed judgment.

The April 21, 2014 judgment set forth the material terms of the parties' handwritten settlement. The judgment reiterated that wife was taking the marital

5

property subject to existing loans. The judgment also confirmed a number of debts owed between wife and husband. The judgment was amended on May 23, 2014 to include the date of dissolution, which had been omitted from the first judgment.

On June 9, 2014, wife, represented by new counsel, filed a request for an order: (1) reconsidering the April 21 denial of wife's request for an order, under Code of Civil Procedure section 1008, subdivision (a); (2) "setting aside all or part of the Judgment entered in this matter on April 21, 2014 pursuant to Code of Civil Procedure [section] 473"; (3) "setting aside all or part of the Judgment entered in this matter on April 21, 2014 based upon mistake pursuant to Family Code section 2122[, subdivision] (e)"; (4) "vacating Judgment and entering new and different Judgment pursuant to Code of Civil Procedure section 663 on the grounds that the provisions of the Judgment do not match the provisions of the January 31, 2014 Stipulation as it relates to the parties responsibility to pay debts"; and (5) "dividing two (2) missed obligations totaling $539,000.00 which constitute a mortgage and a credit line taken out by [husband], each of which was secured by the [marital residence] pursuant to Family Code section 2556." Wife also requested an award of attorney fees.

Just like her first motion, wife's second motion urged that the parties' settlement mistakenly omitted loans on the marital residence from the equalization calculation in their settlement agreement. She requested that the settlement and judgment be set aside. In support of the motion, wife included a June 1, 2014 appraisal for the property, setting its value at $875,000. She also included the parties' schedules of assets and debts. Husband's September 2010 schedule identified a Citibank account, ending in 9901, for $492,673. Husband's January 31, 2014 schedule also listed the Citibank debt. According to wife, this was the mortgage on the marital residence. The parties' written settlement provided that the parties would each be responsible for the debts in their schedules, however, the judgment attributed the mortgage debt to wife. Therefore, wife argued that the judgment was inconsistent with the parties' agreement.

Wife also included a declaration from her former counsel who represented her in the settlement. Counsel averred that the "Propetizer" on which the settlement was based

6

had been prepared by husband's counsel. After entering the settlement agreement, wife contacted counsel and informed her that the encumbrances on the marital residence had been "overlooked when the equalization payment . . . had been calculated." Husband's counsel admitted the mistake, and wife's counsel attempted to have the error corrected, but was ultimately advised that husband would not agree to any modification of the settlement agreement.

On June 20, 2104, after wife's motion was filed, but before it was set for hearing, wife filed a notice of appeal from the April 21, 2014 judgment and May 23, 2014 amended judgment.

Husband's counsel submitted a declaration in opposition to wife's motion. Counsel acknowledged that the loans on the marital residence were omitted from the "Propetizer" calculation, but denied that they were omitted by mistake. Husband's opposition contended that the omission of the debt was intentional. Husband also argued that the debts were accurately assigned by the judgment, because the settlement expressly required wife to pay off the encumbrances on the marital residence. Husband's opposition declaration reiterated the same facts stated in his initial declaration in opposition to wife's first motion.

On July 2, 2014, husband filed a supplemental brief arguing that wife's notice of appeal divested the family court of jurisdiction to consider wife's motion under the automatic stay provisions of Code of Civil Procedure section 916, as her motion sought to set aside or modify the judgment that was the subject of the appeal. In opposition, wife argued that the trial court retained jurisdiction to consider motions collateral to the judgment, such as a motion for a new trial or a motion notwithstanding the verdict. Wife reasoned that her motion, made pursuant to Code of Civil Procedure section 663, Family Code section 2122, and Family Code section 2556 were all collateral to the judgment. At the July 8, 2014 hearing, the court concluded that it was divested of jurisdiction to consider wife's motion. Wife filed a timely notice of appeal.

## DISCUSSION

### 1. Husband's Motion to Dismiss

Husband has moved to dismiss wife's appeal, on the basis that wife has accepted the benefits of the settlement agreement because she cashed checks for the $35,518 equalization payment, payment for her share of the parties' businesses, and has accepted title to the marital residence. We are not persuaded.

" 'It is the settled rule that the voluntary acceptance of the benefit of a judgment or order is a bar to the prosecution of an appeal therefrom.' The rule is based on the principle that 'the right to accept the fruits of the judgment and the right to appeal therefrom are wholly inconsistent, and an election to take one is a renunciation of the other.' Although the acceptance must be clear, unmistakable, and unconditional, acceptance of even a part of the benefit of a judgment or order will ordinarily preclude an appeal from the portion remaining. Stated more generally, ' ". . . where an appellant is shown to have received and accepted advantages from a judgment to which [he or she] would not be entitled in the event of a reversal of the judgment . . . ," ' the acceptance of even part of the judgment precludes the appeal." (*Epstein v. DeDomenico* (1990) 224 Cal.App.3d 1243, 1246, citations omitted (*Epstein*).)

Wife's appeal and acceptance of benefits of the agreement are not "wholly inconsistent." (*Epstein*, *supra*, 224 Cal.App.3d. at p. 1246.) Wife's appeal maintains that she is entitled to a *greater* equalization payment than she received under the parties' agreement. Her acceptance of a portion of the funds to which she claims entitlement is consistent with her claims on appeal. We therefore decline to dismiss her appeal.

### 2. Wife's First Motion Under Code of Civil Procedure Section 473

Wife contends the trial court abused its discretion by failing to set aside the parties' settlement agreement. Code of Civil Procedure section 473, subdivision (b), permits the trial court to grant relief from a judgment, order or other proceeding taken against a party by "mistake, inadvertence, surprise, or excusable neglect." We review a trial court's action under section 473, subdivision (b), for abuse of discretion. (*Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 257 (*Zamora*); *Ambrose v.*

8

*Michelin North America, Inc.* (2005) 134 Cal.App.4th 1350, 1354 (*Ambrose*).) The trial court abuses its discretion when its decision is arbitrary or capricious, or it exceeds the bounds of all reason under the circumstances. (*Maughan v. Google Technology, Inc.* (2006) 143 Cal.App.4th 1242, 1249-1250.) In reviewing an order denying a section 473 motion, we "will not disturb the trial court's factual findings where . . . they are based on substantial evidence." (*Falahati v. Kondo* (2005) 127 Cal.App.4th 823, 828.) It is the role of trial court to resolve credibility issues and to weigh the evidence. (*Zamora*, at p. 257; *Ambrose*, at p. 1354.)

We find no abuse of discretion here. The court was free to conclude that wife was aware of the encumbrances on the marital residence, and that the parties considered them when they assigned a lower than market value to the marital residence. In fact, the parties' agreement expressly provided that wife was to take the marital residence subject to any existing *loans*, and that it was her responsibility to refinance the property or otherwise pay off the loans. Contrary to wife's contention on appeal, the trial court did not "disregard[] [wife's] claim of mistake." It resolved the claim of mistake against her, and we are not at liberty to reweigh the evidence, as wife invites us to do.

## 3.      Wife's Second Motion

Wife also contends the court erred when it found it lacked jurisdiction to consider her second motion due to her filing of a notice of appeal from the judgment. Under Code of Civil Procedure section 916, subdivision (a), "the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order, but the trial court may proceed upon any other matter embraced in the action and not affected by the judgment or order." "The purpose of the automatic stay provision of section 916, subdivision (a) 'is to protect the appellate court's jurisdiction by preserving the status quo until the appeal is decided. The [automatic stay] prevents the trial court from rendering an appeal futile by altering the appealed judgment or order by conducting other proceedings that may affect it.' [Citation.]" (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 189 (*Varian*).)

9

The "embraced in the action" and "affected by the judgment or order" provisions of Code of Civil Procedure section 916 mean that trial court proceedings are stayed if they would have an effect on the appeal. If the proceedings would not impact the pending appeal, the proceedings are permitted. Therefore, a trial court proceeding is stayed if it directly or indirectly seeks to enforce, vacate or modify the appealed from judgment or order, or if it substantially interferes with the appellate court's ability to conduct the appeal. A proceeding also impacts the effectiveness of an appeal if the possible outcomes on appeal and the actual or possible results of the trial court proceeding are irreconcilable. (*Varian*, *supra*, 35 Cal.4th at pp. 189-190.)

Code of Civil Procedure section 916, subdivision (a) does *not* stay proceedings on ancillary or collateral matters which do not affect the judgment or order appealed from, even though the proceedings may render the appeal moot. (*Varian*, *supra*, 35 Cal.4th at p. 191.) Thus, it has been established that a motion for a new trial is collateral to the judgment and may proceed, despite an appeal from the judgment. (§ 657; *Varian*, at p. 191; *Weisenburg v. Molina* (1976) 58 Cal.App.3d 478, 485-486; see also *In re Estate of Waters* (1919) 181 Cal. 584, 586-587.) Also, motions for judgment notwithstanding the verdict have been deemed collateral to the judgment, and may proceed after the filing of an appeal from the judgment. (§ 629; see also *Foggy v. Ralph F. Clark & Assocs.* (1987) 192 Cal.App.3d 1204, 1213.) These legislative enactments "allow specified collateral proceedings to take place despite an appeal from the judgment" because such proceedings "in many cases are addressed not to the merits of the decision, but rather to the fairness of the procedures followed at trial." (*Young v. Tri-City Healthcare Dist.* (2012) 210 Cal.App.4th 35, 52 (*Young*).)

Wife contends that her postjudgment motion was akin to a motion for a new trial, or a motion notwithstanding the verdict, and therefore the trial court retained jurisdiction to hear her motion after her appeal from the judgment. Specifically, she contends that to the extent her motion relied on Code of Civil Procedure section 663, and Family Code sections 2122 and 2556, her appeal only concerned matters "collateral" to the judgment, reasoning that these code sections should be construed to retain jurisdiction in the trial

court under Code of Civil Procedure section 916, much like Code of Civil Procedure sections 629 (judgment notwithstanding the verdict) and 657 (new trial).

We disagree with wife's characterization of her motion. Wife's second motion sought to set aside the judgment from which the appeal was taken. It sought substantially the same relief as wife's first motion, and was based on the same facts (although these facts were supported by some "new" evidence), notwithstanding the many code sections cited in wife's brief.[2] Wife's second motion was not *based* on these code sections. Her second motion made the same claim that had already been adjudicated against her, that the parties' settlement mistakenly omitted debts on the marital residence.

Reconsideration of the family court's ruling was barred by Code of Civil Procedure section 916. (*Young*, *supra*, 210 Cal.App.4th at pp. 51-52 [section 916 divests a trial court from hearing a motion for reconsideration on either statutory grounds or under the court's inherent authority to reconsider its prior rulings].) When wife filed her first notice of appeal from the judgment, the family court was necessarily divested of jurisdiction to reconsider the same issues presented by wife's appeal. (*Young*, at p. 52.) A ruling reconsidering wife's first motion, or otherwise setting aside or modifying the judgment based on her reiterated claim of mistake, would interfere with this court's jurisdiction to consider that very claim. (*Young*, at p. 53; *Varian*, *supra*, 35 Cal.4th at

---

**2** Wife's cited statutes do provide for postjudgment relief. Family Code section 2556 vests the court with continuing jurisdiction to adjudicate the division of any community asset or liability omitted from the judgment by postjudgment order. Family Code section 2122 provides that a party may bring an action or a motion to set aside a judgment based on mistake within one year of entry of the judgment. (§ 2122, subd. (e).) Lastly, Code of Civil Procedure section 663 provides that a judgment may be set aside and vacated if there is an "[i]ncorrect or erroneous legal basis for the decision, not consistent with or not supported by the facts." It has not been decided whether a trial court retains jurisdiction after the filing of a notice of appeal to consider motions brought under Family Code sections 2122 and 2556. However, it has been decided that the filing of a notice of appeal divests a court of jurisdiction to consider a motion to vacate a judgment under Code of Civil Procedure section 663. (See *Copley v. Copley* (1981) 126 Cal.App.3d 248, 298.)

11

pp. 189-190.)  Accordingly, we find no error in the family court's refusal to consider her subsequent motion.

## DISPOSITION

The orders are affirmed.  Respondent is awarded his costs on appeal.


GRIMES, J.

WE CONCUR:

BIGELOW, P. J.



FLIER, J.