Filed 8/30/13

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| KATHLEEN CUNNINGHAM, | B243474 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. YC 060725) |
| v. | |
| NORMAN MAGIDOW, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Dudley W. Gray II, Judge.  Reversed with directions.

Spierer, Woodward, Corbalis & Goldberg and Stephen B. Goldberg for Plaintiff and Appellant.

Law Office of Shula Roth-Barash, Shula Roth-Barash; Greines, Martin, Stein & Richland LLP, Cynthia E. Tobisman, and Meehan Rasch for Defendant and Respondent.

_____

Kathleen Cunningham brought this shareholder derivative action on behalf of Royal Airline Linen, Inc. (Royal) against Norman Magidow.  The trial court found Magidow liable for breach of fiduciary duty, awarded compensatory and punitive damages, and entered judgment accordingly.  Magidow then forgave $452,000 of a loan he had made to Royal and moved for an order compelling Cunningham to acknowledge that the judgment had been partially satisfied in the amount of $452,000.  The trial court granted the motion.  Cunningham appeals, and we reverse.

BACKGROUND

Cunningham owns half the stock of Royal.  Magidow owns the other half and is also an officer and director.  Cunningham filed this shareholder derivative action against Magidow and other defendants, alleging claims for breach of fiduciary duty, usurpation of corporate opportunity, and conversion.  Cunningham alleged that Magidow arranged for Royal to purchase certain supplies at inflated prices from a separate business owned by Magidow and that he failed to disclose his conflict of interest.

The breach of fiduciary duty claim against Magidow was tried to the court, which found in favor of Cunningham.  The court found that Magidow "didn't disclose" his conflict of interest to Cunningham and "always substantially marked up the prices he charged [Royal]."  The court also found that Magidow was not a credible witness and that his statements were "repeatedly impeached" and "proven to be false."  The court awarded $226,000 in compensatory damages and an additional $226,000 in punitive damages, for a total award (exclusive of interest and costs) of $452,000.

The trial court entered judgment on November 30, 2011.  Cunningham obtained a writ of execution and attempted to enforce the judgment.

On June 28, 2012, Magidow served on Cunningham a demand for acknowledgement of partial satisfaction of judgment.  In it, Magidow claimed that he had satisfied the $452,000 principal amount of the judgment by forgiving $452,000 of a loan he had previously made to Royal in the amount of $599,472.  He demanded that Cunningham execute and deliver a partial satisfaction of judgment, and he cautioned her

2

that if he was forced to go to court to compel her to comply with his demand, then she would be liable for attorney fees and possibly additional damages.

Cunningham refused to acknowledge partial satisfaction of the judgment, and Magidow then moved to compel acknowledgement. One of the documents submitted in support of the motion was a declaration by Magidow, in which he stated that he had instructed Royal's accountant "to reduce the debt owed by Royal to [Magidow] of $599,472 by the principal amount of the [j]udg[]ment of $452,000." Magidow provided no additional information about the loan, such as an interest rate, a repayment schedule, or a repayment deadline.

Cunningham opposed Magidow's motion. In support of her opposition, Cunningham submitted a declaration stating that she and Magidow had each made loans to Royal "in the excess of $500,000" and that the funds for the loans "were proceeds from company mandated life insurance policies held against our late partner." She further explained that those loans "have been on the books for approximately six years. During that time, no periodic payments have been made on the loans, and none are due. The loans do not have a specified payment date." Cunningham went on to describe facts suggesting that Royal is in dire financial condition, and she expressed the belief "that there is a reasonable possibility that the shareholder loans will never be repaid." She also stated that, in addition to owing her more than $500,000 on the loan, Royal owed her $182,000 in attorney fees for the derivative action. Magidow did not introduce evidence contradicting Cunningham's characterization of the loan in any respect.

The court granted Magidow's motion. The court directed Cunningham to acknowledge the partial satisfaction of the judgment within 14 days; if Cunningham did not do so, the clerk was instructed to enter a partial satisfaction of judgment pursuant to Code of Civil Procedure section 724.050, subdivision (d). The record does not reflect whether Cunningham timely acknowledged the partial satisfaction of the judgment or the clerk entered the partial satisfaction of judgment independently. Cunningham timely appealed from the order granting Magidow's motion.

3

I.      The Appeal Is Not Moot

Magidow argues that Cunningham's appeal should be dismissed as moot because, after filing her notice of appeal, Cunningham signed an acknowledgement of full satisfaction of the judgment. We reject Magidow's argument because Cunningham was ordered by the court to sign the acknowledgement of full satisfaction of the judgment.

The record on appeal reflects that the trial court granted Magidow's motion to compel acknowledgement of partial satisfaction of the judgment on July 25, 2012. On or about August 13, 2012, Magidow filed an ex parte application for an order deeming the judgment satisfied. In support of the application, he contended that he had deposited certain funds into a bank account belonging to Royal and that those funds rendered the judgment satisfied in full, given the partial satisfaction of the judgment that the court had already ordered on the basis of the reduction of Magidow's loan to Royal.

The trial court granted the application. The court's order provided that "[o]n proof having been made to the satisfaction of the court and on good cause having been shown," the court determined that the judgment against Magidow "shall be deemed to have been fully satisfied and all judgment liens thereon shall be deemed released upon the receipt by [Cunningham's counsel] of a cashier's check in the amount of $18,625.13." The order further provided that "[w]ithin 24 hours of the check having been cleared by the bank Cunningham shall execute an acknowledgment of full satisfaction of judgment and shall cause it to be filed with the court." On August 31, 2012, Cunningham's counsel executed the acknowledgment of full satisfaction of the judgment on her behalf, pursuant to the court's order.

Because the court ordered Cunningham to execute an acknowledgment of full satisfaction of the judgment, her execution (through counsel) of the acknowledgment does not render the appeal moot or otherwise constitute a waiver or forfeiture of her right to challenge the court's order deeming the judgment satisfied in part. Magidow cites no authority for the proposition that, in order to preserve her right to appeal, Cunningham

4

was required to defy the court's order and thereby risk being held in contempt. We are aware of no such authority.

Magidow's argument proceeds instead by describing the proceedings in such a way as to suggest that Cunningham waived any claim that the judgment has not been satisfied. According to Magidow, at the hearing on his ex parte application, "the parties finally stipulated as to the unpaid amount, and agreed that the judgment would be deemed fully satisfied upon Magidow's payment of $18,625.13 to Cunningham's counsel." He further states that "[t]he attorneys confirmed their stipulation in an email chain attaching a proposed order for the trial court to enter on Magidow's application for an order deeming the judgment fully satisfied." Magidow thus appears to suggest that Cunningham (perhaps through counsel) voluntarily stipulated that the judgment would be satisfied in full upon payment of the $18,625.13.

The record on appeal, as augmented by Magidow, does not support his position. The record contains no written stipulation. We have no reporter's transcript of the hearing on the ex parte application, so we cannot confirm the contents of any oral stipulation that was entered at the hearing. The trial court's order (drafted by Magidow's counsel) granting the ex parte application does not mention a stipulation or in any way suggest that it was based, in whole or in part, on a stipulation. And the email exchange to which Magidow refers is similarly unhelpful to his argument. The parties apparently were charged with drafting an order for the court's signature to reflect the court's ruling at the hearing. Magidow's counsel emailed a draft order to Cunningham's counsel. The draft did not mention a stipulation. (The draft appears to be identical to the final order.) Cunningham's counsel emailed back, "This is fine." The record does not indicate that the response meant anything more than, "this draft accurately reflects the content of the court's oral ruling, which granted Magidow's ex parte application over Cunningham's opposition."

Magidow raises two additional arguments on this issue. First, he faults Cunningham for failing to include in the satisfaction of judgment an explicit reservation of her right to maintain her appeal. Magidow provides neither authority nor argument

5

explaining why such an explicit reservation should be required, and we are aware of none. We therefore reject this argument. (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956 [arguments not supported by adequate argument or authority may be deemed forfeited].)

Second, Magidow contends that Cunningham was under no obligation at all to sign the acknowledgement of full satisfaction of the judgment, because the trial court's order requiring her to sign it was stayed when she filed her notice of appeal from the court's prior order deeming the judgment partially satisfied. In support of that contention, Magidow cites subdivision (a) of Code of Civil Procedure section 916, which imposes an automatic stay on certain trial court proceedings pending appeal, but Magidow provides no argument (and cites no additional authority) for the conclusion that the order requiring Cunningham to sign the acknowledgement of full satisfaction of the judgment was within the scope of the stay. It was not. "The purpose of the automatic stay provision of section 916, subdivision (a) 'is to protect the appellate court's jurisdiction by preserving the status quo until the appeal is decided. The [automatic stay] prevents the trial court from rendering an appeal futile by altering the appealed judgment or order by conducting other proceedings that may affect it.' [Citation.]" (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 189.) "To accomplish this purpose, section 916, subdivision (a) stays all further trial court proceedings 'upon the matters embraced' in or 'affected' by the appeal. In determining whether a proceeding is embraced in or affected by the appeal, we must consider the appeal and its possible outcomes in relation to the proceeding and its possible results. '[W]hether a matter is "embraced" in or "affected" by a judgment [or order] within the meaning of [section 916] depends on whether postjudgment [or postorder] proceedings on the matter would have any effect on the "effectiveness" of the appeal.' [Citation.] 'If so, the proceedings are stayed; if not, the proceedings are permitted.' [Citation.]" (*Ibid.*) The postorder proceedings at issue here involved only the amount of the judgment that remained unpaid assuming the validity of the order from which Cunningham appealed, namely, the order deeming the judgment partially satisfied. Those proceedings would not have any effect

6

on the effectiveness of Cunningham's appeal from the order deeming the judgment partially satisfied, so they were outside the scope of the automatic stay. Again, although Magidow asserts a contrary position, he provides no argument in support of it. (*Cahill v. San Diego Gas & Electric Co.*, *supra*, 194 Cal.App.4th at p. 956.)

For all of the foregoing reasons, we reject Magidow's argument that the appeal is moot.[1]

II.     The Trial Court Abused Its Discretion by Granting Magidow's Motion

Cunningham argues that the trial court committed reversible error by granting Magidow's motion to compel acknowledgment of partial satisfaction of the judgment. We agree.

"A trial court's decision to apply a credit in partial satisfaction of the judgment is an exercise of the court's equitable discretion. [Citation.] An abuse of discretion occurs when, in light of applicable law and considering all relevant circumstances, the court's ruling exceeds the bounds of reason. [Citations.]" (*Jhaveri v. Teitelbaum* (2009) 176 Cal.App.4th 740, 749.) Here, no equitable consideration weighed in favor of granting Magidow's motion to compel acknowledgment of partial satisfaction of the judgment. Because all of the equities consequently favored denial of the motion, we conclude that the trial court abused its discretion by granting it.

Magidow forgave $452,000 of a loan he had made to Royal. The record contains no evidence that the loan bears any interest, and the uncontradicted evidence shows that the loan had no repayment schedule or repayment deadline. Nor had Magidow made a demand for repayment (which could have been met by an identical demand from Cunningham on her own loan to Royal). The effect of the trial court's order deeming the

---

[1]     Magidow also argues that Cunningham waived her right to appeal because "the voluntary acceptance of the benefit of a judgment or order is a bar to the prosecution of an appeal therefrom." (*Schubert v. Reich* (1950) 36 Cal.2d 298, 299.) We reject the argument because the principle on which it is based does not apply. Cunningham appeals from the trial court's order deeming the judgment to be partially satisfied. Cunningham has not voluntarily accepted any benefits of that order, to the extent that any benefits to her exist.

7

judgment partially satisfied was to turn Magidow into a preferred creditor—the entire $452,000 principal amount of the judgment was, in effect, applied to Royal's debt to Magidow, rather than Royal's debt to Cunningham or to other creditors. But there is no conceivable equitable basis for putting Magidow in line ahead of Cunningham, let alone ahead of other innocent (and possibly secured) creditors.

All parties agree that Royal's financial condition is, and for some time has been, precarious at best. The judgment arises from Magidow's breach of his fiduciary duty to Royal, a breach that caused over $200,000 of damages and was sufficiently egregious to warrant the award of punitive damages. Given all of these circumstances, we are unable to perceive any equitable basis for the trial court's ruling. It would be grossly inequitable for Magidow to avoid paying a $452,000 judgment in favor of Royal (the victim of his malicious wrongdoing) by forgiving $452,000 of an unsecured and probably worthless loan that had no repayment deadline.

Magidow does not dispute any of this reasoning. Rather, he contends that the $452,000 loan reduction conferred a benefit on Royal. ("At bottom, Cunningham's appeal rests on the unsupportable proposition that dollar-for-dollar loan forgiveness provides no benefit to the corporation.")[2] Assuming for the sake of argument that Magidow's forgiveness of $452,000 of the loan did confer some sort of benefit on Royal, the point is irrelevant because it fails to show that there is any equitable reason why even one dollar of the $452,000 loan reduction should be offset against the judgment. Again, we can think of no such reason, and Magidow has articulated none.

---

**2**      Magidow's reference to "dollar-for-dollar loan forgiveness" is doubly misleading. First, a $452,000 judgment that is due and payable today is worth considerably more today than a $452,000 unsecured and interest-free loan with no repayment deadline. Second, a $452,000 judgment against Magidow is worth at least tens of thousands of dollars (because the evidence in the record shows that he has at least tens of thousands of dollars worth of assets with which to satisfy the judgment in part), but a $452,000 loan to Royal appears to be virtually worthless.

For all of the foregoing reasons, we conclude that the trial court abused its discretion by granting Magidow's motion to compel acknowledgment of partial satisfaction of the judgment.

DISPOSITION

The order granting Magidow's motion to compel acknowledgement of partial satisfaction of the judgment is reversed, and the superior court is instructed to enter a new and different order denying the motion.  Appellant shall recover her costs of appeal.

<u>CERTIFIED FOR PUBLICATION</u>.


ROTHSCHILD, J.

We concur:


MALLANO, P. J.


CHANEY, J.