Filed 10/28/24  Baker Entertainment v. Emmett Furla Oasis Films CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| BAKER ENTERTAINMENT, LLC et al., | B323388 |
| Plaintiffs and Respondents, | (Los Angeles County Super. Ct. No. SC127979) |
| v. | |
| EMMETT FURLA OASIS FILMS, LLC et al., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of Los Angeles County, Craig D. Karlan, Judge.  Dismissed as moot.

Hamrick & Evans, Martin J. Barab, A. Raymond Hamrick, III, and Kenneth A. Kotarski for Defendants and Appellants.

No appearance for Plaintiffs and Respondents.

————————————

George Furla, Emmett Furla Oasis Films, LLC (EFO), Georgia Film Fund Twenty-Nine, LLC and Higrowth (Inconceivable), LLC appeal from an amended judgment adding Furla and Randall Emmett[1] as alter egos to a judgment in favor of Baker Entertainment, LLC and Baker Film Fund, LLC. Furla contends the trial court failed to "engage in a legally sufficient analysis [*sic*], or no analysis whatsoever" showing there existed a unity of interest between Furla and EFO, or that an inequitable result would follow from treating EFO as a separate entity. After this appeal commenced, an acknowledgment of full satisfaction of the judgment was filed as to EFO, and then another as to Furla. We conclude Furla's appeal is moot and dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

A.     *Motion Picture Agreement*[2]

In 2015, Baker Entertainment Group (Baker) and EFO entered into an agreement to co-finance and co-produce two feature-length motion pictures titled "Inconceivable" and "Fate." However, according to Baker, after it provided the financing for the first film, EFO failed to perform its obligations under the agreement.

In 2017, Baker filed a civil action against EFO asserting causes of action for breach of contract, fraud, and breach of fiduciary duty. Baker also filed a demand for arbitration with

---

[1]     Emmett, a self-represented litigant, did not appeal and is not a party to this appeal.

[2]     The background facts are taken from our prior opinion in *Baker Entertainment Group, LLC v. Emmett Furla Oasis Films, LLC* (Sept. 20, 2022, B310721) [nonpub. opn.].)

2

the Independent Film and Television Alliance, International Arbitration Tribunal, asserting claims against EFO. EFO filed a counterclaim against Baker in arbitration.

B.    *Settlement Agreement*

In August 2019, the parties entered into a settlement agreement to resolve all pending and potential claims. Under the terms of the agreement, EFO was to pay Baker $640,000 within 24 months of the execution of the agreement, with the last installment payment due August 27, 2021. The settlement agreement allowed EFO to pay the amount owed in eight quarterly installments of $80,000 each, with the first payment due 90 days after execution of the agreement and the remaining installments payable every three months thereafter.

EFO paid the first installment payment. In February 2020, before the second installment payment was due, Baker's principal, Jonathan Baker, contacted Furla, a principal of EFO, to discuss the film "Fate," which Baker was then in the process of developing and financing. According to Furla, Baker still wanted EFO to be involved with "Fate" as a co-producer. Furla stated Baker orally offered to credit the remaining unpaid balance EFO owed under the settlement agreement in exchange for EFO's production services.

After Baker's counsel, Kevin Koloff, learned of these discussions, Koloff contacted Furla and informed him that before the parties could amend the settlement agreement or reach an agreement to co-produce another film, EFO had to pay the second installment. Koloff sent additional correspondence to Furla, stating that Baker's bank demanded immediate payment of the second installment and that until EFO made that payment,

3

Baker could not continue to discuss co-producing "Fate." Koloff warned that if the second installment was not paid by the next day, Baker would "pursue legal action."

After EFO failed to make the second installment, Baker sent EFO a written notice of default. When EFO failed to make the second payment despite the notice of default, Baker served a second notice of default, this time demanding that EFO cure the default within seven business days. EFO did not respond. EFO also failed to make any payment for the third installment.

C. *The Trial Court Enforces the Settlement Agreement and We Affirm*

Baker filed a motion under Code of Civil Procedure section 664.6 to enforce the terms of the settlement agreement. The trial court entered a judgment for Baker in the amount of $560,000 (the remaining unpaid amount) and awarded Baker $10,855.10 in attorneys' fees, and interest on the judgment. EFO appealed and a different panel of this court affirmed. (*Baker Entertainment Group, LLC v. Emmett Furla Oasis Films, LLC* (Sept. 20, 2022, B310721) [nonpub. opn.].)

D. *The Trial Court Adds Furla As a Judgment Debtor*

In June 2021, Baker and Baker Film Fund, LLC filed a motion seeking leave to amend the judgment to add Furla and Emmett as judgment debtors. Before the motion was heard, they filed a new motion to include testimony from the judgment debtor examinations of Furla and Emmett.

Baker argued the judgment should be amended to add Furla and Emmett as alter egos of EFO because Furla "admitted that he and . . . Emmett 'use' Judgment Debtors as shell entities

4

to manifest their personal vision for movie and tv productions," "EFO was *insolvent and owned no assets,*" and EFO no longer controlled the copyrights to the 45 films that EFO had produced because those copyrights were now controlled by Emmett Furla Films Holding LLC even though "no one has disclosed any basis in fact or writing" to show how it obtained the copyrights from EFO. The motion further argued that Furla "*signed the settlement agreement . . . and bound all three entities himself,*" and that Furla and Emmett "personally depleted or transferred [EFO's] funds and use[d] its business accounts without recourse to fund personal film projects and to pay their lavish expenses or to fund their numerous subsidiary LLCs."

EFO opposed. EFO argued the motion was filed because respondents "ha[ve] yet to collect the entirety of the Judgment," and that "EFO suffered unprecedented financial hardship as a result of the impact of the SARS-CoV-2 coronavirus and the complete disruption of the global film industry due to the COVID-19 pandemic. As such, the fact that EFO presently may have insufficient assets to satisfy Baker's Judgment is not sufficient justification to pierce the corporate veil." EFO also argued the motion showed "a profound misunderstanding of the entertainment business, including the development, financing and production of motion pictures."

The trial court granted the motion to amend the judgment to add Furla and Emmett. In a seven-page minute order, the trial court concluded there was "clear evidence of a unity of interest" between Furla, Emmett, and the entity defendants, including EFO, and that it would be "equitable to amend the judgment" because "adhering to the fiction of the separate existence . . . would sanction a fraud and promote injustice."

5

Baker filed a proposed judgment, which the trial court signed the next day. Appellants timely appealed.

## DISCUSSION

A. *The Appeal Is Moot*

After this appeal was filed, Baker filed an acknowledgment of full satisfaction of judgment by EFO on December 20, 2022. A second acknowledgement of full satisfaction of judgment was filed in the superior court on May 15, 2024, which included all the entity defendants and Furla and Emmett.[3] On September 3, 2024, this court sent a letter to the parties inviting them to submit supplemental letter briefs addressing whether the appeal was moot in light of the acknowledgment of full satisfaction of judgment. (Gov. Code, § 68081.) No party filed a supplemental brief.

"A case is moot when the reviewing court cannot provide the parties with practical, effectual relief." (*City of San Jose v. International Assn. of Firefighters, Local 230* (2009) 178 Cal.App.4th 408, 417.) "The underlying policy behind the mootness doctrine is that courts decide justiciable controversies and do not normally render . . . advisory opinions." (*In re Oliveras* (2024) 103 Cal.App.5th 771, 776; *Hensley v. San Diego Gas & Electric Co.* (2017) 7 Cal.App.5th 1337, 1344 [same]; see *National Ass'n of Wine Bottlers v. Paul* (1969) 268 Cal.App.2d 741, 746 ["[a]lthough a case may originally present an existing issue (as here), if before decision is reached, it has, through acts

---

[3] On our own motion, we take judicial notice of the court record. (Evid. Code, §§ 452, subd. (d), 453.)

6

of the parties or other cause, lost that existent character, it is rendered moot and may not be considered"].) "The mootness doctrine permits an appellate court to dismiss proceedings if later events render it impossible for the appellate court to grant effective relief." (*Leenay v. Superior Court* (2022) 81 Cal.App.5th 553, 573.)

A case may become moot when an acknowledgment of full satisfaction of judgment is filed. (See *Building a Better Redondo, Inc. v. City of Redondo Beach* (2012) 203 Cal.App.4th 852, 865 ["[a]ppellants chose to voluntarily comply with the judgment, thereby waiving their right to challenge it"].) For example, in *Rancho Solano Master Assn. v. Amos & Andrews, Inc.* (2002) 97 Cal.App.4th 681, Amos & Andrews, Inc., a general construction company, was sued by the Rancho Solano Masters Association (RSMA) for improper remediation of landslides. The jury found against Amos & Andrews, and the trial court entered judgment in favor of RSMA. Amos & Andrews filed a notice of appeal from the judgment, but before filing its opening brief, it settled with RSMA. RSMA filed a satisfaction of judgment on September 21, 1999. The Court of Appeal concluded the appeal should be dismissed "'because the satisfaction moots the issues on appeal.' [Citations.] The satisfaction of judgment 'is decisive of the rights of the parties and bars reopening the issues settled. Absent a fundamental defect the terms are binding on the parties.'" (*Id.* at p. 688.)

Similarly, in *Miller v. Cabral* (1970) 13 Cal.App.3d 503, defendant was found liable for injury to a minor who sustained serious injuries after he fell and his left hand was caught in a hay feeder. The jury found for plaintiff, and defendant appealed. During the appeal, the judgment was paid in full. The court

7

dismissed the appeal concluding that "an admixture of equity and pragmatism impels us to hold that either an estoppel or an implied waiver of the right to appeal arises upon satisfaction of the judgment. The money having been paid pursuant to court order, the judgment stands final and satisfied in full." (*Id.* at p. 507; accord, *A.L.L. Roofing & Bldg. Materials Corp. v. Community Bank* (1986) 182 Cal.App.3d 356, 359 ["It is well settled a party who voluntarily complies with the terms of a judgment impliedly waives the right to appeal"]; accord, 9 Witkin, Cal. Procedure (6th ed. 2024) Appeal, § 73 [same].)

There are exceptions to the mootness doctrine. For instance, "courts will generally exercise their discretion to review a moot case when 'the case presents an issue of broad public interest that is likely to recur,' 'when there may be a recurrence of the controversy between the parties,' or 'when a material question remains for the court's determination.'" (*In re D.P.* (2023) 14 Cal.5th 266, 282; accord, *Cucamongans United for Reasonable Expansion v. City of Rancho Cucamonga* (2000) 82 Cal.App.4th 473, 479-480.) Another exception is when the satisfaction of judgment is compelled. (See *Ryan v. California Interscholastic Federation* (2001) 94 Cal.App.4th 1033, 1040 ["compliance or satisfaction that is compelled does not constitute a waiver of the right to appeal"]; accord, *Cunningham v. Magidow* (2013) 219 Cal.App.4th 298, 302 ["[b]ecause the court ordered Cunningham to execute an acknowledgment of full satisfaction of the judgment, her execution (through counsel) of the acknowledgment does not render the appeal moot"].)

We received no response from the parties explaining why the appeal should not be dismissed as moot.[4] This case does not present an issue of broad public interest likely to recur, and there are no material questions left for the court to answer in light of the satisfaction of judgment. The record before us does not indicate the parties' dispute is likely to recur, nor that the entity defendants were compelled to satisfy the judgment. Although there may be some collateral effects to Furla resulting from the amended judgment (a matter on which we express no opinion), these are speculative and not sufficient to overcome mootness. (See *In re D.P.*, *supra*, 14 Cal.5th at p. 280 [rejecting arguments regarding collateral effects of trial court's decision because "[t]hese possibilities are too speculative for purposes of avoiding mootness"].)

---

[4] At oral argument, counsel for Furla argued the trial court's alter ego finding may affect other unspecified litigation involving Furla and that the judgment was paid with seized assets. "We do not consider arguments that are raised for the first time at oral argument." (*Haight Ashbury Free Clinics, Inc. v. Happening House Ventures* (2010) 184 Cal.App.4th 1539, 1554 fn. 9; accord, *Estate of McDaniel* (2008) 161 Cal.App.4th 458, 463 ["'It is a clearly understood principle of appellate review . . . that contentions raised for the first time at oral argument are disfavored and may be rejected solely on the ground of their untimeliness.'"]) Further, although Furla had the opportunity to brief mootness and whether any exceptions applied, he did not submit any argument or request for judicial notice in support of his contentions.

**DISPOSITION**

The appeal is dismissed as moot.  The parties are to bear their own costs on appeal.


MARTINEZ, P. J.


We concur:



SEGAL, J.



FEUER, J.